CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY
v. SOPHIA OTTILLIA O'NEILL.

FILED MARCH 8, 1899.  No. 8769.

1. **Eminent Domain**: RAILROADS: ADJACENT LANDOWNERS: DAMAGES.
When a railroad has been constructed and put in operation, an
adjacent landowner may sue at once for consequential damages
to his property and recover in the action full compensation for
all injuries which he has sustained, or which will ever after-
wards accrue, from a prudent and careful operation of the road.

2. ——: ——: ——: ——: TIME TO SUE. But such action need
not be commenced immediately. A party may wait, within the
period of limitation, until the extent and character of the injury
to his property has been ascertained by experience and made
susceptible of absolute proof.

3. ——: MEASURE OF DAMAGES. Where property has been taken or
damaged for a public use, the owner is entitled to recover as
compensation the difference between the value of such property
immediately before and immediately after the completion of
the improvement from which the injury results.

4. ——: ——. The jury in fixing the damages sustained by a
landowner in consequence of the appropriation, or injury, of his
property for a public use may take into account every element
of annoyance and disadvantage resulting from the improvement
which would influence an intending purchaser's estimate of the
market value of such property.

5. **Striking Out Evidence Erroneously Admitted.** Where evidence
improperly received is afterwards stricken out and expressly
withdrawn from the consideration of the jury, the error involved
in its reception is ordinarily cured.

6. **Pleading**: SEPARATE CAUSES OF ACTION. Where distinct causes of
action are blended in the petition, the only appropriate remedy
is a motion for an order requiring a separate statement and
designation.

7. **Review**: QUESTIONS NOT RAISED BELOW. It is a general rule, to
which the record in this case presents no exception, that objec-
tions not urged in the trial court will not be considered here.

ERROR from the district court of Lancaster county.
Tried below before TIBBETS, J.  *Affirmed.*

*W. F. Evans, L. W. Billingsley,* and *R. J. Greene,* for
plaintiff in error.

*W. J. Bryan, T. S. Allen, S. B. Pound,* and *Roscoe Pound,*
contra.

SULLIVAN, J. ·

In 1887 the plaintiff Sophia Ottillia O'Neill bought lot
8, in block 14, of Kinney's O Street Addition to the city of
Lincoln, and soon afterwards built thereon a two-story
dwelling-house, which she occupies as a family residence.
The house fronts on P street, which runs east and west
through the city and seems to have been at one time
a much traveled thoroughfare. In 1892 the defendant
the Chicago, Rock Island & Pacific Railway Company
constructed and put in operation a line of railroad across
P street and about 225 feet west of plaintiff's property.
Shortly after the track was laid a depot was constructed
on the right of way just south of P street, rendering the
same impassable. This action was brought to recover
damages to the premises above described occasioned by
the construction and operation of the defendant's road
and by the obstruction of P street and the deflection of
public travel therefrom. The trial of the action to a'
jury resulted in a verdict in favor of the plaintiff.

The defendant complains of the admission of testi-
mony in regard to the specific annoyances and incon-
veniences to which the plaintiff had been subjected in the
use and occupancy of her property. We have carefully
read this evidence and think there was no error in its
reception. It is undoubtedly true that an action might
have been brought and tried as soon as the road was put
in operation, and that in such action all the damages
which the plaintiff had sustained or ever would sustain
from a careful and prudent operation of the road would
have been then recovered. But it is also true that she
was not required to sue immediately. It was her privi-
lege to wait until the extent and character of the perma-
nent injury to her property had been ascertained by ex-
perience and made susceptible of absolute proof. (*Penn*

*Mutual Life Ins. Co. v. Heiss*, 141 Ill. 35.) The constitution (art. 1, sec. 21) provides: "The property of no person shall be taken or damaged for public use without just compensation therefor." While injuries of the character here in question are, within the meaning of the provision quoted, injuries inflicted for a public use, they are not to be ascertained by proceedings in condemnation, but by an action brought for that purpose within the time fixed by the statute of limitations. (*Gottschalk v. Chicago, B. & Q. R. Co.*, 14 Neb. 550; *Hastings & G. I. R. Co. v. Ingalls*, 15 Neb. 123; *Atchison & N. R. Co. v. Boerner*, 34 Neb. 240; *Omaha & N. P. R. Co. v. Janecek*, 30 Neb. 276; *Rigney v. City of Chicago*, 102 Ill. 64; *Chicago & E. I. R. Co. v. Loeb*, 118 Ill. 203.) In such an action the measure of recovery is the difference between the value of the land before and its value after the road was constructed and put in operation. To assist the jury in reaching a conclusion upon this question they may take into account a variety of circumstances.

In *Chicago, B. & Q. R. Co. v. O'Connor*, 42 Neb. 90, it is said in the fourth point of the syllabus: "That in ascertaining such depreciation the cuts or fills made in the street in front of the property, the proximity of the track to the front of the lot, the danger of fire from passing trains, the probability of damage to the house on the lot from jars caused by passing cars and engines, the inconvenience to the occupants of the property arising from the presence and proper and ordinary use of the railway track for all time, the annoyance to such occupants from smoke, cinders, and dust from passing trains and engines, the annoyance caused by the roar of trains, the sounding of whistles and the ringing of bells, and every other fact and circumstance that would have influenced the market value of the property in the mind of a good-faith intending purchaser thereof, would have all been proper elements for consideration in determining the damages to plaintiff's property." Such was the character of the evidence offered by the plaintiff and submitted

to the jury in this case. Its purpose and tendency was to show the extent to which the plaintiff's property had been injured by the operation of the road, and by the permanent obstruction of P street. The court, in a charge which is an accurate and admirable presentation of the law upon every issue in the case, directed the jury that the plaintiff's damage was the depreciation in value of the property in question caused by the construction and operation of defendant's road. It may be that evidence in regard to the bursting of the plumbing and the quickened action of the water-meter in plaintiff's house was improperly received, but if so, no prejudice resulted, for it was afterward withdrawn and the jury instructed to disregard it.

It is contended that the evidence in relation to the obstruction of P street should not have been received, because that was an act done after the construction of the road and, therefore, constituted a separate cause of action. Conceding that the construction of the depot platform should be regarded as an independent injury, it does not follow that the judgment should be reversed.

The defendant may have had reason to apply for an order requiring the plaintiff to separately state and number her causes of action; but no such motion was made, and it is now too late to take advantage of what was at most a mere defect in the form of the petition. Whether the closing of the street be considered as a substantive ground of action, or as a mere evidential fact, the testimony in question was properly admitted.

It is insisted that the witnesses for the plaintiff in estimating the damages were not limited to damages occasioned by the company's acts, and may, in giving their answers, have taken into account depreciation from other causes. Invariably the questions were directed to the value immediately before and immediately after the road was constructed. The witnesses could not have misunderstood them. Besides, the objection now urged was not made during the trial. In view of the evidence the

verdict seems reasonable and just.   There appears to be no material error in the record and the judgment is therefore

. AFFIRMED.