FRED ASCHE, JR., ET AL., APPELLEES, V. LOUP RIVER PUBLIC POWER DISTRICT, APPELLANT.

287 N. W. 64

FILED JULY 11, 1939. No. 30561.

*C. N. McElfresh* and *August Wagner,* for appellant.

*Walter, Flory & Schmid, Philip M. Wellman* and *Franklin L. Pierce, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, MESSMORE and JOHNSEN, JJ.

ROSE, J.

The Loup River Public Power District commenced this proceeding in the county court of Platte county under the power of eminent domain to acquire a right of way and perpetual easement for a 115,000-volt electric transmission power line across the 160-acre farm of Fred Asche, Jr., four miles northeast of Columbus, Platte county. The county court appointed appraisers who awarded Asche $75 in damages. He appealed to the district court as plaintiff and claimed damages in the sum of $2,400. The power district, as defendant, alleged that the appraisers' award of $75 was in full of all damages sustained by plaintiff by reason of the construction of the transmission line.

There was a trial to a jury in the district court and they rendered a verdict in favor of plaintiff for $1,600. Defendant appealed to the supreme court.

, Plaintiff was damaged to some extent and the issue was the amount. The farm is the home of plaintiff and family and consists of a quarter-section of level, fertile, tillable land with seven-room house, barns and fences. It was well equipped and used for farming and stock raising. The transmission line intersects the farm diagonally not far from the buildings from southwest to northeast, crosses a corner of the hog lot and practically cuts the farm in two. Across the farm the transmission line is suspended on five two-pole structures and has a minimum clearance of 28 feet and 5 inches. The ground on which the poles stand is permanently taken. The easement permits perpetual ingress of defendant for the purposes of inspection and repairs of poles and cables. Farming, cultivating crops and harvesting around the poles beneath the overhanging high-voltage line will necessarily interfere with farming operations and cause annoyance and inconvenience. The measure

of damages for the taking and damaging of private property for public use was stated in former opinions as follows:

"The measure of damages for land taken for public use is the fair and reasonable market value of the land actually appropriated and the difference in the fair and reasonable market value of the remainder of the land before and after the taking." *McGinley v. Platte Valley Public Power and Irrigation District,* 133 Neb. 420, 275 N. W. 593.

"The jury in fixing the damages sustained by a landowner in consequence of the appropriation, or injury, of his property for a public use may take into account every element of annoyance and disadvantage resulting from the improvement which would influence an intending purchaser's estimate of the market value of such property." *Chicago, R. I. & P. R. Co. v. O'Neill,* 58 Neb. 239, 78 N. W. 521.

The rules stated were followed in the recent power-line case of *Lilienthal v. Platte Valley Public Power and Irrigation District,* 134 Neb. 281, 278 N. W. 492. It was therein held that danger from the power line was not an independent item of damage but could be considered in estimating depreciation, if any, in the market value of the land by condemnation of the right of way and construction of the transmission line. The trial court observed the rules stated in submitting the case at bar to the jury.

Plaintiff testified in his own behalf and estimated the reasonable market value of his farm before construction of the transmission line at $130 an acre and that it was damaged by the easement from 12 to 14 dollars an acre, basing depreciation on inconvenience and annoyance in farming around poles and in operating farm machinery near them and consequent danger. Twelve witnesses testified to a depreciation of $10 an acre at least or damages of $1,600, the amount of the verdict.

On the proper measure of damages the verdict is supported by the evidence and the damages are not excessive. The instructions, when considered together, do not contain error prejudicial to defendant.

AFFIRMED.