MARY RASMUSSEN, APPELLEE, v. CENTRAL NEBRASKA PUBLIC POWER AND IRRIGATION DISTRICT, APPELLANT.

297 N. W. 897

FILED MAY 2, 1941. No. 30939.

R. O. *Canaday* and *Stiner, Boslaugh & Stiner*, for appellant.

*Carrico & Carrico, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

EBERLY, J.

This is a condemnation case instituted in the county court of Clay county by defendant, the Central Nebraska Public Power and Irrigation District, for a right of way and permanent easement for the construction, maintenance and operation of an electrical transmission line over and across certain lands of plaintiff, Mary Rasmussen. From the award of the appraisers, the plaintiff landowner appealed to the district court for Clay county. From a judgment in favor of plaintiff on the verdict of the jury, defendant has appealed to this court.

In plaintiff's petition filed in district court it was set forth that defendant had instituted condemnation proceed-

ings before the county judge of Clay county, Nebraska, and it was alleged therein that the transmission line would be located over and across the east half of the northeast quarter of section 21-7-6; that appraisers were appointed by the county judge who made an award in favor of plaintiff for $100; that the award was inadequate and insufficient and that the appraisers were illegally appointed, and that plaintiff was the owner of a quarter-section of land adjacent to and contiguous with the eighty-acre tract hereinbefore described, to wit, the southeast quarter of section 21, township 7 north, range 6 west of the 6th P. M., Clay county, Nebraska; that the transmission line of defendant will be a constant menace in the operation of all the lands of plaintiff; that in case of breakage or accident the defendant, by reason of its easement, would enter, trample upon and over the crops and land of plaintiff, and that there would be consequential damages to all of said land. Plaintiff prayed for $1,500 damages.

Defendant's answer admitted the filing of the petition before the county judge, the appointment of appraisers, the award made by them, and denied all other allegations.

To this a reply was filed which, in effect, amounted to a general denial.

The jury returned a verdict for $750 and costs in favor of plaintiff, and from the order of the district court denying its motion for a new trial, defendant appealed.

The one controlling question, in view of the record before us, is defendant's challenge to the correctness of instructions Nos. 7 and 8 given by the trial court on its own motion, wherein there was submitted to the jury the question of menace or danger in the operation of the transmission line of defendant over the premises of plaintiff.

In *Asche v. Loup River Public Power District,* 136 Neb. 601, 287 N. W. 64, we find the following:

"The measure of damages for the taking and damaging of private property for public use was stated in former opinions as follows:

" 'The measure of damages for land taken for public use

is the fair and reasonable market value of the land actually appropriated and the difference in the fair and reasonable market value of the remainder of the land before and after the taking.' *McGinley v. Platte Valley Public Power and Irrigation District,* 133 Neb. 420, 275 N. W. 593.

" 'The jury in fixing the damages sustained by a landowner in consequence of the appropriation, or injury, of his property for a public use may take into account every element of annoyance and disadvantage resulting from the improvement which would influence an intending purchaser's estimate of the market value of such property.' *Chicago, R. I. & P. R. Co. v. O'Neill,* 58 Neb. 239, 78 N. W. 521.

"The rules stated were followed in the recent power-line case of *Lilienthal v. Platte Valley Public Power and Irrigation District,* 134 Neb. 281, 278 N. W. 492. It was therein held that danger from the power line was not an independent item of damage but could be considered in estimating depreciation, if any, in the market value of the land by condemnation of the right of way and construction of the transmission line."

But the danger which may inhere in the existence and operation of a particular power line over and across a particular farm at a particular time, to justify consideration in estimating depreciation, if any, in the market value of the land involved, is not a matter of which courts may take judicial notice, but if such exists it must be established by competent evidence.

In the instant case, a careful examination of the evidence introduced by the plaintiff in the district court discloses that not a single word of competent testimony appears therein relative to "menace or danger" to the use of farm machinery or the carrying on of other farming operations in the vicinity of this transmission line of defendant. Plaintiff's witnesses, it is true, testified to inconveniences created by the presence of this improvement, but the element of danger is by them wholly omitted. Plaintiff relies solely upon his cross-examination of certain of defendant's

witnesses to supply this missing element. However, if this testimony elicited on cross-examination be considered in connection with the examination in chief to which this cross-examination applies, in view of the total absence of proof as to how farming operations might be affected thereby, we are compelled to find that the record, as an entirety, is wholly insufficient to justify instructions Nos. 7 and 8 given by the trial court on its own motion, so far as the same relates to the question of "menace or danger" in the operation of the defendant's transmission line. There is no competent evidence in the record to support such instructions. It is erroneous to submit to the jury a material issue upon which there is no competent evidence.

It follows that in the giving of instructions Nos. 7 and 8 on the subject of "menace or danger" in the operation of the defendant's transmission line the district court erred.

The judgment of the trial court is, therefore, reversed and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.