HENRY J. KUHLMAN, APPELLEE, v. FARMERS UNION CO-OPERATIVE ASSOCIATION OF MEMPHIS, NEBRASKA, APPELLANT.

42 N. W. 2d 182

Filed March 30, 1950. No. 32732.

Clyde R. Worrall and Harlan A. Bryant, for appellant.

E. S. Schiefelbein and Joseph L. Pallat, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action to recover for the sale and delivery of corn. Issues were made and trial was had resulting in a verdict and judgment for the plaintiff. Defendant appeals. We affirm the judgment of the trial court.

Plaintiff alleged in substance the sale and delivery of 2,026 bushels of yellow corn to defendant on June 27, 1947, at the current market price which the defendant quoted to be $1.95 for yellow corn and "that $1.95 a bushel was the fair and reasonable value of said corn" on that day. Plaintiff alleged demand and refusal to pay, and prayed judgment for $3,950.70.

Defendant attacked the petition by motion but in nowise referred therein to the above-quoted allegation.

Defendant by answer made admissions not material here and denied generally. Defendant further alleged that on June 10, 1947, it purchased 2,600 bushels of yellow corn, No. 2 grade or better, at $1.85 a bushel, to be delivered in ten days, with the understanding that if the corn tested less than No. 2 grade, payment would be made in accord with accepted practices for inferior grades. Defendant then alleged that on June 27, 1947, plaintiff delivered 2,026 bushels of yellow corn, sample grade, 21.87 moisture content with 30 percent damage; that the corn was moldy, wet, rotten, and mixed with dirt; that the fair and reasonable market

value of the corn delivered was $1.30 a bushel; that defendant made repeated efforts to pay on that basis; that defendant tendered to plaintiff on September 11, 1947, $2,633.80, representing payment for 2,026 bushels of corn at $1.30 a bushel, and the offer of settlement was rejected; and that the fair and reasonable market value of the corn delivered was $2,633.80, "for which defendant elevator confesses judgment." Defendant counterclaimed for damages for failure to deliver the balance of the 2,600 bushels of corn.

For reply plaintiff denied generally except as to allegations admitting those contained in plaintiff's petition.

The issues so stood when, on March 22, 1949, the case came on for trial. Plaintiff on that day by permission of the court amended his petition so as to allege $3,712.64 to be due and owing, and so as to pray for recovery in that amount.

At the opening of the trial defendant moved that the plaintiff elect whether he sued upon an express oral contract or one in quantum meruit. Plaintiff replied that he alleged the sale of the corn on June 27, 1947, at the quoted price of $1.95 a bushel.

We take up defendant's argued assignments of error in the order in which they occurred at the trial.

During the direct examination of the plaintiff he was asked if he had overheard a conversation between his attorney and defendant's manager regarding settlement for the corn. He testified that he had, and that defendant's manager offered to pay $1.40 without suit or $1.30 if suit were filed. This question was objected to as conversation having to do with a compromise settlement. After the answer was received, the defendant moved to strike the testimony and that the jury be instructed to disregard it. The court sustained the objection and so instructed the jury. Defendant assigns this as error, contending that the instruction to disregard did not correct the harm done in the admission of the testimony.

Substantially this same situation was presented in

Stapleton v. Chicago, B. & Q. R. R. Co., 101 Neb. 201, 162 N. W. 644, where evidence of a compromise settlement offer was admitted over objection, and later stricken, and the jury instructed not to give it consideration. We there held that in view of defendant's answer admitting injuries while in defendant's employment and the court's instruction to disregard, the error was not so prejudicial as to require a reversal. Here defendant's answer pleaded an offer of settlement in part exactly as testified to by the witness. Here the trial court granted in full defendant's motion. Under these circumstances we apply the rule that "Where evidence improperly received is afterwards stricken out and expressly withdrawn from the consideration of the jury, the error involved in its reception is ordinarily cured." Chicago, R. I. & P. Ry. Co. v. O'Neill, 58 Neb. 239, 78 N. W. 521. See, also, Bush v. James, *ante* p. 189, 40 N. W. 2d 667.

At the close of plaintiff's case-in-chief, defendant moved for a directed verdict in its favor, contending that there was not sufficient evidence to establish the sale price of the corn, or, based on defendant's answer, that the court direct a verdict against the defendant for $1.30 a bushel for the 2,026 bushels of corn. The trial court overruled the motion.

Plaintiff testified that there was no conversation on the morning of June 27, 1947, as to the price to be paid until the delivery of the second load of corn. At that time plaintiff asked defendant's manager about the price of corn that day and was told " '$1.95.' " Plaintiff testified that he asked what the "dock" would be and was told by the defendant's manager that the first load tested "21 and some hundredths" and the second load tested "near 22"; that defendant's manager "got out a sheet" and plaintiff was told that with that moisture the dock was 11¾ cents; and that if plaintiff could get the moisture down to about 17, the dock would not be over 4 or 5 cents. On cross-examination plaintiff testified that he understood that the buyer would fix the

grade of the corn and that the price of $1.95 a bushel was for No. 2 grade yellow corn.

The contention here of defendant is that plaintiff did not prove the grade of corn and hence there was no basis for determining the market price. Defendant concedes that the price of $1.95 for No. 2 yellow corn was quoted to the plaintiff as the market price on the day of sale. Plaintiff testified in effect that the defendant's manager calculated the dock at $11\frac{3}{4}$ cents because of moisture content. Plaintiff was not required to prove the processes by which defendant arrived at that price. The price stated under this testimony was $1.95, less $11\frac{3}{4}$ cents. The assignment is without merit.

When both parties had rested the defendant renewed in exact words the motion, heretofore discussed, that had been made at the close of plaintiff's case-in-chief to the effect that the court direct a verdict against the plaintiff, or against the defendant for $1.30 a bushel for 2,026 bushels of corn. At the same time and not as a separate motion the defendant moved that the court direct a verdict against the defendant in the amount of $2,026 and no more. The court overruled the motion. The defendant then stated that it "withdraws its offer to confess judgment * * * in any amount" on the ground that the "offer" had not been accepted. Obviously the motion was inconsistent and the court could not have sustained it properly.

Defendant presents the contention that there was a failure of the plaintiff to prove the market value of the corn; that its evidence proved it to be $1 a bushel; and that the court should have directed judgment for the plaintiff for $2,026. We have set out a summary of plaintiff's evidence. The defendant's evidence is that the corn was rotten, damp, moldy, and sprouting, and tested by weight was 30 percent rotten or spoiled; that the corn was sample grade, worse than grade No. 5; and that sample grade was corn that tested more than 22.50 moisture and 15 percent damage. This testimony

was followed by testimony that the average moisture content of the corn delivered was 21.87, and that the fair value of the corn was not to exceed $1 a bushel. This evidence as to value was received over objection. Defendant's manager testified that he told the plaintiff the dock would be "around" 11¾ cents for moisture only if the corn "would get better" and that nothing was said about spoilage or damage at that time. We see no merit in the assignment.

Defendant assigns error in the giving of certain instructions.

In instruction No. 1 the court summarized the plaintiff's petition and said that plaintiff alleged that the defendant bought the corn at the market price of $1.95 a bushel "which plaintiff claims was the fair and reasonable value on that date * * *." Defendant cites the rule stated in Acton v. Schoenauer, 121 Neb. 62, 236 N. W. 140, that "There can be no implied contract where there is an express agreement between the parties relative to the same subject-matter," and contends that by the instruction the court permitted the jury to take into consideration the fair and reasonable value of the corn on the day in question.

By instruction No. 4 the court told the jury that "Under the pleadings plaintiff is entitled to a judgment for at least $2633.80.

"In order to be entitled to a judgment for more than $2633.80 the burden of proof is upon the plaintiff to prove by the greater weight of the evidence that defendant agreed to buy the 2026 bushels of corn delivered to it by plaintiff at a price greater than $1.30 per bushel and what that price was.

"If the evidence is equally balanced or if the greater weight of the evidence is in favor of the defendant in this regard then your verdict should be that plaintiff is entitled to recover no more than $2633.80. If, on the other hand, the plaintiff has proved by the greater weight of the evidence that defendant agreed to pay more than

$1.30 a bushel and the amount per bushel it agreed to pay your verdict should be for the plaintiff for that price per bushel multiplied by 2026."

This instruction answers the contention advanced. The assignment is without merit.

Defendant assigns as error the giving of that part of instruction No. 4 which states that plaintiff is entitled to a judgment for at least $2,633.80. Defendant refers to section 25-906, R. R. S. 1943, providing that an offer to confess judgment shall not be deemed to be an admission of the cause of action or amount to which plaintiff is entitled, nor be given in evidence upon the trial. Defendant also refers to our decision in Hammang v. Chicago & N. W. Ry. Co., 107 Neb. 684, 186 N. W. 991, that "An offer to confess judgment incorporated in an answer should not be referred to in the instructions." An examination of instruction No. 2 summarizing defendant's answer reveals that the court did not advise the jury of the confession of judgment contained in defendant's answer. The trial court in instruction No. 2 did advise the jury that defendant alleged "That on June 27, 1947, plaintiff delivered to defendant 2026 bushels of yellow corn sample grade (very poor) 21.8% moisture content with 30% damage, the fair and reasonable market value of which was $1.30 per bushel or a total of $2633.80." Defendant does not assign the giving of this instruction as error.

It further is to be noted that defendant's withdrawal at the close of the trial of what it then termed its "offer to confess judgment" did not in any way purport to alter the allegation in its answer that the value of the corn which it had received and had not paid for was $2,633.80. Nevertheless it now contends that there was no evidence in the record to support its allegation; that the answer was not offered in evidence; that the allegation in defendant's answer did not conform to the proof; and that the court erred in instructing the jury that the plaintiff was entitled to a judgment for at least $2,633.80.

These contentions are answered in Bonacci v. Cerra,

134 Neb. 476, 279 N. W. 173, wherein we quoted and followed this rule: " 'Where, in an action to recover a money judgment, the answer of the defendant admits the right of the plaintiff to judgment for any sum, the defendant cannot give evidence contradicting the admission of his answer, nor can the plaintiff introduce the answer in evidence; and it is the duty of the court, regardless of an adverse verdict, to render judgment for the plaintiff for that sum, without evidence.' " It follows that the trial court did not err in giving the instruction as to the amount plaintiff was entitled to recover in any event.

Defendant further contends that under the instruction the trial court permitted the jury to consider an agreement to pay more than $1.30 a bushel and that no such agreement was proved. We have determined this contention adverse to the defendant in considering the motion for judgment made at the close of plaintiff's case-in-chief. The assignment as to instruction No. 4 is without merit.

Defendant further assigns the giving of instructions No. 5 and No. 9 as error. These assignments are not discussed in the brief and under rule 8 a 2 (4) of this court will not be considered.

The judgment of the trial court is affirmed.

AFFIRMED.