CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLANT, V. EVA RUBIN ET AL., APPELLEES.

128 N. W. 2d 814

Filed June 5, 1964. No. 35660.

Herbert M. Fitle, Bernard E. Vinardi, Frederick A. Brown, Edward M. Stein, Sebastian J. Todero, Walter J. Matejka, and Frederick H. Geihs, for appellant.

Lane, Baird, Pedersen & Haggart and Arthur J. Whalen, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an action by the City of Omaha, Nebraska, to enjoin an alleged violation of the Omaha municipal code and to require the defendants to comply with certain requirements of the code. The defendants are Eva Rubin; Eva Realty, Inc., a corporation; and Ada H. Slacketka. For convenience, the defendant, Eva Rubin, will be referred to as the defendant.

The trial court found that there was no violation of the ordinances or building code of the city of Omaha and dismissed the action. The plaintiff's motion for new trial was overruled and it has appealed.

The controversy arises out of the construction of an apartment building on property located at the northeast corner of the intersection of Thirty-sixth and Howard Streets in Omaha, Nebraska. The property extends 124 feet north along the east line of Thirty-sixth Street and 82 feet east along the north line of Howard Street. The apartment building which is the subject of the controversy was constructed upon the north 62.5 feet of the property.

In 1957, the defendant applied for a building permit to construct an apartment building upon the property. Lloyd Rathbun, the chief engineer of the building department of the city of Omaha, refused to issue the building permit because the plans submitted by the defendant did not provide for a rear yard of 25 feet as required by the building code.

On July 18, 1957, the defendant made an application to the board of appeals for a waiver of the rear yard requirements of the code.

On July 22, 1957, Rathbun prepared and signed a building permit, No. 3165, which authorized the defendant to construct a brick-frame sixplex upon the north 62 feet of the property. The permit was not issued or

delivered to the defendant at that time because her application to the board of appeals was still pending. On the same date Rathbun approved the plans submitted by the defendant for the construction of the apartment building.

The defendant's application for a waiver was considered by the board of appeals on August 14, 1957, August 28, 1957, and September 11, 1957. On September 11, 1957, the board of appeals authorized and directed that a permit be issued to the defendant for the erection of an addition in accordance with Plan "A." Plan "A" was a plot plan that provided for a rear yard of 14 feet.

On September 18, 1957, Rathbun prepared and signed a supplemental building permit, No. 4197, which authorized the defendant to connect a "new 4 plex bldg." to the "present dwg." Rathbun then issued and delivered permit No. 3165 and permit No. 4197 to the defendant.

The defendant then proceeded with the construction of the apartment building. The building was inspected during construction and no objection was made by any inspector representing the plaintiff.

On January 6, 1958, the defendant entered into a written agreement to sell the south 61.5 feet of the property to Ada Slacketka.

The original petition in this action was filed on May 18, 1962. The relief requested in the amended petition is that the defendants be enjoined from violating certain sections of the Omaha municipal code, that the defendants be required to attach the entire south wall of the apartment building to the north wall of the building immediately to the south of the apartment building, and that the defendant, Ada H. Slacketka, be required to vacate the two basement apartments in the apartment building.

There is nothing in the record to show that Ada H. Slacketka has any interest in the litigation other than the contract to purchase the south 61.5 feet of the prop-

erty. No further reference to her is required in this opinion.

The sections of the Omaha municipal code which the plaintiff alleges are being violated relate to area restrictions and regulations. The amended petition alleges that prior to authorizing the issuance of a building permit to the defendant on September 11, 1957, "the Board of Appeals waived the provisions" of the sections referred to. The allegation that the area restrictions and regulations were waived by the board of appeals was a judicial admission and a limitation of the issues which is binding upon the plaintiff. Knuth v. Singer, 174 Neb. 182, 116 N. W. 2d 291. The plaintiff has no right to injunctive relief to enforce restrictions and regulations which were waived by the board of appeals at the request of the defendant.

The plaintiff's theory that the defendant should be required to attach the entire south wall of the apartment building to the north wall of the building immediately south thereof appears to be based upon the language of the motion of the board of appeals which granted the waiver requested by the defendant. The motion which was adopted by the board of appeals at its meeting on September 11, 1957, is as follows: "I move in Case No. 57-76 that the Chief Engineer of the building Department be authorized and directed to issue a permit to Mrs. Ben Rubin for the erection of addition at 531 South 36th Street in accordance with Plan 'A', signed by Mr. Dworak, and dated September 10, 1957, submitted and made a part of this case—provided that there shall be no courts and building attached completely to the wall of the existing structure."

The board of appeals made three requirements: The addition should be erected in accordance with Plan "A"; there should be no courts; and the apartment building should be attached completely to the wall of the building south of it.

The record shows that the apartment building is at-

tached to the building south of it by a flashing at the roof and by a brick wall running south from the southwest corner of the apartment building. Rathbun testified that the apartment building was inspected to see whether it was connected and that the inspection report shows that the two buildings were connected.

There is nothing in the record to show that the apartment building was not erected in accordance with Plan "A" and the record shows compliance with the requirement that there be no courts. The code defines a court as "an open, uncovered, unoccupied space on the same lot with a building." The record shows that the two buildings are joined at the roof line and by a wall which is an extension of the west wall of the apartment building.

The contention of the plaintiff that the defendant was authorized to construct only a four-unit apartment building instead of a six-unit apartment building is not supported by the record. The property is zoned for multiple-family dwellings, and the requirements as to the area of the lot for the construction of a six-unit building are complied with or were waived by the board of appeals. The original building permit, No. 3165, authorized the construction of a sixplex and the plans approved on July 22, 1957, were for a six-unit building.

An injunction will not be granted unless the right is clear, the damage irreparable, and the remedy at law inadequate to prevent a failure of justice. Shepardson v. Chicago, B. & Q. R.R. Co., 160 Neb. 127, 69 N. W. 2d 376. A writ of injunction is not wholly a writ of right and may be withheld, in the discretion of the court, when it is likely to inflict greater injury than the grievance complained of. McCubbin v. Village of Gretna, 174 Neb. 139, 116 N. W. 2d 287.

The record in this case shows that the plaintiff has no clear right to injunctive relief. The judgment of the district court is correct and it is affirmed.

AFFIRMED.