CHARLES ROUSH ET AL., APPELLEES, V. NEBRASKA PUBLIC POWER DISTRICT, FORMERLY CONSUMERS PUBLIC POWER DISTRICT, A PUBLIC CORPORATION AND POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLANT.

205 N. W. 2d 519

Filed March 16, 1973. No. 38666.

Steinacher & Vosoba and Wilson, Barlow & Watson, for appellant.

Ach & Ach and Christensen & Glynn, for appellees.

Heard before WHITE, C. J., BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ., and RONIN, District Judge.

CLINTON, J.

This is an appeal by the condemner in an eminent domain action in which it had acquired an easement for an electrical transmission line across a 120-acre tract of farmland. The question for jury determination was the difference in value of the land before and after the taking. The jury found the damages to be $5,002. The question presented here is whether the trial court erred in granting the condemnees' motion for a new trial. The answer depends upon whether or not the determination made by the trial court that it had committed prejudicial error in overruling the condemnees' objection to a question asked on cross-examination is correct.

One of the condemnees, a coowner of the land, had

testified to the value of the land at the time of taking. On cross-examination he was asked what per acre valuation he had used and he answered $700. He was then asked: "By the way, Mr. Roush, what did you pay for the land in 1962, how much per acre did you pay for it?" Objection was made on the grounds of remoteness of time and lack of foundation. The objection was overruled and the witness answered, "$22,500." The trial court immediately instructed the jury to take into consideration the fact that the purchase was 8 or 9 years before the taking. All the above occurred at the end of the first day of the 4-day trial.

The following morning before any testimony was heard the court orally instructed the jury as follows: "You probably recall this court allowed evidence of an original purchase price yesterday. You are instructed that the court was—made a mistake by allowing it in and that testimony about the original purchase price should be put out of your minds, discarded, and I plead with you at this point unless it is gotten into evidence at some later time not to consider it in any fashion and completely disregard it. It is a very difficult thing for you to do but that is the law." The condemnees considered the cautionary instruction inadequate and moved for a mistrial which was denied. After the verdict the court granted condemnees a new trial.

As a general rule, evidence of sales of the identical property involved in the eminent domain proceedings is admissible as evidence of market value, provided an appropriate foundation is first laid to show the materiality and relevance of the sale as by showing the time of the sale, the similarity or dissimilarity of market conditions, the circumstances surrounding the sale, and other relevant factors affecting the market conditions at the time. To a large degree admissibility is within the discretion of the trial court. Schmailzl v. State, 176 Neb. 617, 126 N. W. 2d 821; 1 Orgel on Valuation Under Eminent Domain, p. 581. In this

instance we assume the ruling was erroneous because of remoteness and lack of foundation, and will confine ourselves to considering the question of whether the error was prejudicial. This requires a consideration of the issue the jury was to determine, the instructions pertaining thereto, and the admonitions of the court to the jury to disregard the evidence of purchase price, all in the light of the other evidence of value and damages.

The court instructed properly on the measure of damages as follows: "Just compensation means the difference, as of July 10, 1969, between the fair and reasonable market value of the property before the easement was taken and the fair and reasonable market value of the property after the easement was taken. . . . You must return a verdict for said plaintiffs which in your opinion represents that sum of money which will justly compensate plaintiffs so that they will be neither richer nor poorer by reason of the taking of the easement." Fulmer v. State, 178 Neb. 664, 134 N. W. 2d 798.

There was evidence before the jury which showed the condemnees had after acquiring the land substantially improved it by putting a well on it and adapting it to gravity irrigation. The evidence on before and after value was as follows:

| Witness | Value Before | Value After | Damage |
|---|---|---|---|
| Owner's tenant | $86,400 | $66,000 | $20,400 |
| Owner | 84,000 | 64,800 | 19,200 |
| Owner's expert witness #1 | 87,600 | 69,600 | 18,000 |
| Condemner's witness #1 | 72,000 | 67,500 | 4,500 |
| Condemner's witness #2 | 60,000 | 55,500 | 4,500 |
| Condemner's witness #3 | 60,000 | 58,200 | 1,800 |

. The foregoing summary makes it clear it is undisputed that the value of the property before the taking on July 10, 1969, was at least $60,000. It appears impossible to determine in what way the admission of the evidence

of a $22,500 purchase price in 1962, some 6 or 7 years earlier, might or could have been applied by the jury in determining the difference in value before and after the taking in 1969 since the undisputed evidence shows the land had been improved and the market value had risen, and the issue which the jury was to determine was clearly defined and could not have been misapprehended by them.

The condemnees cite, and apparently the trial court relied upon, the case of Dietrichs v. Lincoln & N. R. R. Co., 12 Neb. 225, 10 N. W. 718, where this court held that it was prejudicial error to permit evidence of the purchase price of lots in 1877 to be considered in determining the market value of the lots in 1880. In that case the condemner was taking the entire property and the question was the market value in 1880 at the time of the taking. The evidence showed a rapid appreciation in market value between 1877 and 1880. The evidence showed the value in 1877 had no relation to the value in 1880 at all. The owner had purchased the lots at an administrator's sale for $1.50 and the court permitted that fact to be brought out on cross-examination. The owner's testimony was that the market value was $200 for the lots and $400 for the building. The court instructed the jury as follows: " 'In determining the value of the lots in question, you are at liberty to take into consideration the price paid by defendant for them, together with all other evidence given in the case.' " The jury returned a verdict for $450. The evidence was clearly prejudicial in that case for the jury was permitted to and could use the erroneously admitted evidence in determining market value of the land.

In the case at hand the evidence on damages ranges from a high of $20,400 to a low of $1,800. There was no way the jury could have applied the 1962 purchase price figure to affect the evidence because the issue

was the difference in value before and after the taking on July 10, 1969.

The record indicates that the substantial difference in the estimates of the two sets of witnesses as to the damage attributable to the taking rests primarily upon the different consideration or lack of consideration given by them to the effect upon the future unadaptability of the land to pivot irrigation. A substantial portion of the evidence was devoted to that element which the jury was permitted to consider under proper instructions. It is fairly evident that the jury accepted the highest estimates of the condemner's witnesses and added crop damage on which element other evidence was presented. It is clear that the erroneously admitted evidence did not under the circumstances of this case affect the verdict.

In Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772, this court said: "Errors sufficient to cause the granting of a new trial must be errors prejudicial to the rights of the unsuccessful party.

"The district court has the power and is required to consider and determine motions for a new trial by the exercise of its judicial discretion. . . .

"Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured.

"The ruling of the court on a motion for a new trial is subject to review here.

"Whether the decision was to grant a new trial or deny one, the questions here are, do the alleged error or errors appear in the record, were they called to the attention of the trial court by the motion, and do they constitute prejudicial error to the party complaining.

"Rules of law will be applied to those assignments of error here with the same requirements whether the decision granted or denied a new trial.

"An order granting a new trial will be scrutinized here with the same care as one denying a new trial."

It appears here the trial court did abuse its judicial discretion. The order granting the new trial is reversed and the cause is remanded with directions to reinstate the verdict and enter judgment thereon.

REVERSED AND REMANDED WITH DIRECTIONS.