FOREMAN & CLARK OF NEBRASKA, INC., A MINNESOTA CORPORATION, APPELLEE, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLANT.

280 N. W. 2d 892

Filed June 19, 1979. No. 41966.

Herbert M. Fitle, Omaha City Attorney, and Charles K. Bunger, for appellant.

Christensen Law Offices, P.C. and Morseman, Fike, Davis & Polack, P.C., for appellee.

Heard before KRIVOSHA, C. J., McCOWN, CLINTON, and HASTINGS, JJ., and KELLY, L. W., JR., District Judge.

PER CURIAM.

This is an appeal by the City of Omaha from the order of the District Court for Douglas County, Nebraska, granting plaintiff, Foreman & Clark of Nebraska, Inc., a new trial.

The action was originally commenced in the county court of Douglas County, Nebraska, as a condemnation action filed by the City of Omaha as condemner. The condemnee, Foreman & Clark, had a leasehold interest in a store located in a building known as the Karbach Building, located at 15th and Douglas Streets in Omaha, Nebraska. Foreman & Clark operated a retail men's clothing store on the second floor of the building which the City had earlier purchased by negotiation. It was only the leasehold interest of Foreman & Clark that was being condemned.

Following condemnation proceedings in the county court and an award by the board of appraisers, the

City of Omaha appealed to the District Court for Douglas County, Nebraska.

In its petition the City of Omaha alleged that on September 19, 1974, the fair market value of the leasehold interest in the real estate was $17,000. Nevertheless, the record reflects that the City permitted Foreman & Clark to remain in possession after the taking and until January 1, 1975.

The trial court in its instructions to the jury specifically stated that the condemnation proceedings were instituted by the City in September 1974, but possession did not occur until January 1, 1975, and the lease did not expire until February 28, 1978. The court further instructed the jury that the lease would therefore have been valid and existing for an additional 38 months from and after January 1, 1975. The measure of damages in the taking or injury of a leasehold is the difference between the rental value of the remainder of the term and the rent reserved in the lease. Ballantyne Co. v. City of Omaha, 173 Neb. 229, 113 N. W. 2d 486. See, also, Balog v. State, 177 Neb. 826, 131 N. W. 2d 402; State v. Dillon, 175 Neb. 350, 121 N. W. 2d 798.

During the course of the trial, the City introduced evidence as to the value of the leasehold, including testimony that the leasehold had no value because the difference between the rental still due under the remaining portion of the lease and the reasonable value of the leasehold was zero.

Foreman & Clark objected to the introduction of certain of the City's expert testimony on the basis that there was no foundation for such testimony. Foreman & Clark did not, however, at any time object to the introduction of such evidence on the basis that the City had admitted in its pleading the leasehold interest had a value of at least $17,000 on September 19, 1974. Moreover, the condemnee, Foreman & Clark, never sought to take advantage of the fact the City admitted that on September 19, 1974,

the property had a value of $17,000, nor did the condemnee request the court to either instruct the jury of that fact or take the matter into account.

At the conclusion of the jury's deliberation, it returned a verdict for no dollars. Foreman & Clark then filed a motion for new trial claiming it was entitled to an award of at least $17,000 on the basis of a judicial admission made by the City. This amount was chosen by Foreman & Clark alleging that the City judicially admitted in its petition that the leasehold interest had a value of at least $17,000.

The trial court concluded that Foreman & Clark was correct and granted a new trial. We believe the trial court was in error and should not have granted a new trial. We therefore reverse and remand.

While it is true the City admitted in its petition that the leasehold interest on September 19, 1974, had a value of $17,000, it did not make an admission as to the value of the leasehold interest on January 1, 1975, the date which the jury was instructed to use for determining Foreman & Clark's damage. It was certainly true that the admission by the City that on September 19, 1974, the leasehold interest was worth $17,000 was relevant evidence which Foreman & Clark would have been entitled to introduce in evidence. The jury could have taken that fact into account in attempting to determine the difference in value of the leasehold between September 19, 1974, and January 1, 1975. However, Foreman & Clark chose to waive that right by refusing to bring that value to the jury's attention.

A party may not claim error on the failure to introduce evidence which was incumbent upon the party seeking the benefit of the evidence to introduce. A party cannot be heard to complain of error which he was instrumental in bringing about. Regier v. Nebraska P. P. Dist., 189 Neb. 56, 199 N. W. 2d 742. Having failed to introduce the evidence as to value and having failed to request an instruc-

tion on that matter, Foreman & Clark is not now in a position to claim error.

Moreover, the allegation by the condemner, City of Omaha, as to the value of the leasehold interest on September 19, 1974, was not a judicial admission in that it was not the admission of a fact in issue in the lawsuit which the jury was to determine. In this case the date of September 19, 1974, was no longer relevant to the condemnation proceeding. The parties agreed to try the case on the theory that the relevant date for a determination of the value of the leasehold was January 1, 1975, and no assignment of error is made of that matter. The value of the leasehold on September 19, 1974, therefore, was merely evidence of the value of the leasehold some $3\frac{1}{2}$ months earlier, but not a judicial admission as to the value of the leasehold on the important date. There was evidence, introduced without objection, that the leasehold interest had no value on January 1, 1975. The value on that date was a question of fact to be determined by the jury. Where the evidence is conflicting, this court will not ordinarily interfere with the verdict of the jury unless it is clearly wrong. Ward v. Nebraska Electric G. and T. Coop., Inc., 195 Neb. 641, 240 N. W. 2d 18. The evidence presented as to value of the leasehold on January 1, 1975, was clearly in conflict.

" 'The district court has the power and is required to consider and determine motions for a new trial by the exercise of its judicial discretion . . . .

'Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured.

* * *

'Whether the decision was to grant a new trial or deny one, the questions here are, do the alleged

error or errors appear in the record, were they called to the attention of the trial court by the motion, and do they constitute prejudicial error to the party complaining.'" Roush v. Nebraska P. P. Dist., 189 Neb. 785, 205 N. W. 2d 519.

We have examined the record and found there was an abuse of judicial discretion. The judgment of the trial court in granting the motion for a new trial on the basis of an admission as to value on a date irrelevant to the proceedings was in error and must be reversed. The verdict of the jury must therefore be reinstated.

Accordingly, we reverse the judgment of the District Court for Douglas County, Nebraska, in granting a new trial, and remand the cause back to the District Court for Douglas County, Nebraska, with instructions to reinstate the verdict of the jury.

REVERSED AND REMANDED WITH
DIRECTIONS.

McCOWN, J., dissenting.

The City of Omaha commenced this proceeding to take the property of the condemnee for public purposes. The appraisers in the proceeding in county court fixed just compensation at $70,000. The City appealed to the District Court and its petition alleged: "That the fair market value of such interest in real estate so condemned was, at the time of such condemnation, $17,000.00." One witness for the City testified that the value was $19,233. The City also presented another witness who testified, over objection, that the value of the property taken was nothing, and the jury found that the property had no value. The District Court recognized the injustice of such a verdict, and the errors which produced it, and granted a new trial. The City appealed that action to this court.

The majority opinion now holds that an award of nothing is just compensation for the taking of private property for public use; that a judicial admis-

sion by the condemning City that the property had substantial value did not mean anything because the property owner did not take advantage of it procedurally; and that the District Court, who recognized the errors of the trial and the obvious injustice of no compensation and granted a new trial, abused its discretion by doing so!

Such a holding exalts form over substance and places technical procedural rules above the constitutional guaranties of both federal and state Constitutions that private property shall not be taken for public use without just compensation. Under the facts in this case, no compensation cannot be just compensation.

The majority opinion treats the constitutional prohibition that "[t]he property of no person shall be taken or damaged for public use without just compensation therefor" to mean that the property of a person may be taken for public use without compensation if one witness says the property has no value, and the jury believes him and finds accordingly, even if the condemnor has judicially admitted the property has substantial value. Art. I, § 21, Constitution of Nebraska.

An actual "taking" of property by condemnation is not a "damaging." A condemnation award for a "taking" of property is not only for "damages" in the usual sense, it must also be compensation in the constitutional sense. "Compensation" under any meaning must be "something." It cannot be "nothing." If property has enough value to cause the government to bring a condemnation action to "take" it, that property has at least a nominal value, and "something" must be awarded as compensation. Procedural rules and trial tactics cannot be permitted to emasculate constitutional guaranties, nor should such obvious injustice be said to be beyond the reach of judicial discretion.

The action of the District Court in granting a new

trial under the circumstances here was eminently correct and should have been affirmed.

KELLY, L. W., Jr., District Judge, dissenting.

In addition to the facts recited in the majority opinion it should be noted that the appraisers appointed by the county court of Douglas County, Nebraska, appraised the value of the leasehold interest of the appellee in the sum of $70,000, which amount was the value of the leasehold over and above the amount due as rent upon the balance of the term of the lease. This award was made in September of 1974 and the actual taking of the premises did not occur until some 3½ months later on January 1, 1975. The majority opinion recognizes the fact that the City of Omaha filed a petition on appeal and in that petition admitted the value of the leasehold interest on September 19, 1974, was $17,000. The majority seems to hold that the fact the jury found zero value indicates the interest depreciated in 3½ months from $17,000 to zero dollars. There was neither evidence nor testimony of this fact introduced at the trial.

The City of Omaha had three expert witnesses testify in this matter. One valued the leasehold in the sum of $19,233 as of the date of the taking; the second was not allowed to give his opinion by the trial judge; the third witness testified that in his opinion the value of the leasehold interest in excess of the amount of rent due or to be paid by the condemnee was of no value. Objection was made to the testimony of this witness on the basis that no foundation had been laid; however, the court permitted the witness to so testify.

Our court held in the case of Kuhlman v. Farmers Union Co-Operative Assn., 152 Neb. 597, 42 N. W. 2d 182, as follows: "Where, in an action to recover a money judgment, the answer of the defendant admits the right of the plaintiff to judgment for any sum, the defendant cannot give evidence contradict-

ing the admission of his answer, nor can the plaintiff introduce the answer in evidence; * * *. Although the petition was filed by the City of Omaha the allegation in the petition that the value of the leasehold interest was $17,000 was in effect a judicial admission made the same as if it had been in an answer. It was error for the trial court to admit evidence on behalf of the condemner that the value of the leasehold interest of the condemnee was less than $17,000. It was, therefore, error for the trial court to admit the opinion of the third witness who testified for the condemner.

The majority opinion seems to hold that the admission by the City of Omaha was relevant evidence which the condemnee would have been entitled to introduce in evidence. The above cited case, however, states that: "* * * [N]or can the plaintiff introduce the answer in evidence; * * *." This would appear to be in direct conflict to the holding made by the majority in this case stating that the condemnee would have been entitled to introduce evidence of the admission of the value.

A further indication that the City of Omaha recognized a debt to the condemnee is found in the prayer of the petition filed by the City of Omaha when this matter was appealed to the District Court for Douglas County, Nebraska. The prayer is as follows: "WHEREFORE, Defendant prays that the Court determine and find the fair market value of the interest taken, and issue an order to the County Judge of Douglas County, Nebraska, to pay to the Plaintiff such amount out of the funds heretofore deposited by the Defendant and return the balance, if any, to the Defendant." The City of Omaha had paid the sum of $70,000 into the county court of Douglas County, Nebraska, so that it might take possession of the property. Further evidence that the City considered a debt was owed to the condemnee was the fact that the City entered into a stipulation permitting the

condemnee to withdraw 85 percent of this money so deposited with the county court of Douglas County, Nebraska.

The trial court recognized that prejudicial error towards the condemnee had occurred and ordered a new trial. This action should be sustained.

McCOWN, J., joins in this dissent.