RYDER TRUCK RENTAL, INC., A CORPORATION, APPELLEE, V. TRANSPORTATION EQUIPMENT CO., INC., A NEBRASKA CORPORATION, DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLANT, PAUL A. HEIFNER, THIRD-PARTY DEFENDANT AND APPELLEE.

339 N.W.2d 283

Filed October 21, 1983. No. 82-652.

John R. Hall of Anderson, Vipperman, Hinman, Hall & Kovanda, for appellant.

Stephen A. Scherr of Whelan, Foote & Scherr, P.C., for appellee Ryder Truck.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and NORTON, D.J., and COLWELL, D.J., Retired.

BOSLAUGH, J.

Ryder Truck Rental, Inc., commenced this action to recover the balance due it on a truck rental agreement entered into with the defendant Transportation Equipment Co., Inc., on October 10, 1977.

The agreement was for the lease of a tractor unit,

No. 66058K, to the defendant in accordance with the terms of the written agreement and attached schedules. On May 22, 1978, with the approval of Ryder, the defendant assigned the agreement to Williams Transfer, Inc. The assignment provided that the defendant was not released from its obligations and liabilities under the lease.

Williams Transfer was not a party to the action, and the record is not clear as to whether further assignments were made by Williams. The record does show that Ryder understood that Transportation Equipment Co. and Williams Transfer were under the same management. The president of Transportation Equipment Co., Robert Gartner, testified that both entities operated to an extent out of the same building and that he served "in an advisory capacity" at Williams Transfer.

Trip records maintained by Ryder show that Williams Transfer was listed as "lessee" beginning in January 1978. "Paul A. Heifner, dba H & K Trucking Co. (and Transportation Equip. Co.)" are listed as "lessee" beginning in April 1978. These records indicate that a number of drivers operated the vehicle, including one named "Svoboda."

Gartner testified he was aware that Heifner was operating the vehicle during this time. However, he testified that Transportation Equipment Co. did not have a written agreement with Heifner for use of the vehicle. The district manager for Ryder testified he was under the impression that an agreement existed whereby Transportation Equipment Co. allowed Heifner use of the vehicle and whereby Heifner did remit payments to Ryder.

On November 15, 1978, vehicle No. 66058K was taken out of service due to an accident. On that trip Svoboda was the driver and "Paul A. Heifner, dba H & K Trucking Co. (and Transportation Equipment Co.)" were listed as the "lessee." The record shows that a substitute vehicle was requested by Heifner.

Ryder then provided vehicle No. 23528, which was signed for by Svoboda.

Transportation Equipment Co. refused to pay the charges against the substituted vehicle in the amount of $7,901.17. Ryder then brought this suit against Transportation Equipment Co. for the balance due.

The transcript does not contain an answer filed by the defendant Transportation Equipment Co. The defendant filed a third-party petition against Heifner in which it alleged that it had assigned the rental agreement for the substituted vehicle to Heifner and that he was liable to the defendant for any judgment against the defendant for payments due under the agreements.

The trial court found generally for the plaintiff and awarded judgment in the amount of $7,901.17. The third-party petition was dismissed. The defendant has appealed and has assigned as error the finding that the defendant was liable for rental charges for the substituted vehicle, No. 23528.

The agreement contained the following provision: "Ryder will, at the request of Customer, rent Customer a replacement vehicle, if available from Ryder's rental fleet, at a rental rate equal to the charges applicable to the inoperable Vehicle."

The defendant contends that it is not liable because it did not request the substitute vehicle, was not notified that a substitute vehicle had been requested by Heifner, and Heifner was not empowered to request a substitute. None of these arguments has merit.

The assignment of the agreement to Williams Transfer provided: "Assignor does hereby assign to Assignee all of its right, title and interest in and to the above described Lease Agreement and the use of the vehicles covered thereby."

By this assignment, the assignee Williams acquired all of the rights and interests of the assignor, Transportation Equipment Co. *State Securities Co.*

*v. Daringer*, 206 Neb. 427, 293 N.W.2d 102 (1980); *United States Nat. Bank v. Alexander*, 140 Neb. 784, 1 N.W.2d 920 (1942). Generally, an assignor retains only those rights which have not passed to the assignee by the assignment. The assignor loses all right to control or enforce an assigned right against the obligor. 6A C.J.S. *Assignments* § 96 (1975). In this case the defendant transferred its right to request a substitute vehicle to Williams Transfer, and it cannot now claim that its failure to request a substitute vehicle or Ryder's failure to notify it of Heifner's request precludes its liability.

In its third-party petition the defendant alleged that it had entered into a lease agreement with Heifner for the use of the substituted vehicle. This allegation was a judicial admission and a limitation of the issues, which was binding upon it. *City of Omaha v. Rubin*, 177 Neb. 314, 128 N.W.2d 814 (1964).

At the trial the defendant attempted to prove that it had no agreement with Heifner and that he was, in essence, a stranger to the transaction. A party may not subsequently take a position contradictory of, or inconsistent with, his pleadings. 71 C.J.S. *Pleading* § 59 (1951); *Kuhlman v. Farmers Union Co-Operative Assn.*, 152 Neb. 597, 42 N.W.2d 182 (1950). The defendant is deemed to have admitted that Heifner acted pursuant to a lease agreement with it, and thus had authority to request a substitute.

There are other grounds upon which a judgment for the plaintiff may be supported. There is sufficient evidence to support a finding that Heifner had apparent authority to request a substitute vehicle. Apparent authority is the power which enables a person to affect the legal relations of another with third persons, professedly as agent for the other, from and in accordance with the other's manifestation to such third persons. A party who has knowingly permitted others to treat one as his agent is estopped to deny the agency. *Abel Constr. Co. v. School Dist. of Seward*, 188 Neb. 166, 195 N.W.2d 744 (1972).

The record shows that it was Ryder's understanding that Heifner had authority to control and possess the vehicles leased; that Heifner made remittances directly to Ryder; and that Transportation Equipment Co. was aware that Heifner had been using the vehicle even before it assigned the lease. Thus, it may be inferred that Heifner had authority to request a substitute vehicle, and the defendant is estopped from denying this authority.

The record supports the judgment for the plaintiff and the judgment is affirmed.

AFFIRMED.