CITY OF HASTINGS, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT, V. PETER ELLIS FARMS, INC., A CORPORATION, ET AL., APPELLEES.

344 N.W.2d 640

Filed February 24, 1984. No. 82-809.

Michael E. Sullivan, for appellant.

Conway and Connolly, P.C., for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an eminent domain proceeding in which appellant, City of Hastings, Nebraska, took fee title to .375 acres of a 5.85-acre tract of land owned by three corporations. The entire tract is subject to a lease of which K mart Corporation is the tenant. The pur-

pose of the taking was for road and utility construction at the intersection of Second Street and Marian Road in Hastings.

The appraisers in the county court fixed the combined value of the fee and the leasehold interest at $65,318. The appraisers assigned $54,625.57 as the value of the leasehold and the remainder to the owners' interest. The tenant K mart did not appeal to the district court and later successfully moved the district court to dismiss it from the appeal of the three corporate landlords. As there was no appeal by the city as to the award to K mart, that judgment was final and is not involved in this case.

At the conclusion of the trial in the district court, the jury found the value of the owners' interest to be $64,216.18. The City of Hastings appeals, assigning as error that the verdict is not supported by the evidence.

The main thrust of the city's argument is based on a pretrial stipulation of owners and the city that the value of all interests taken was $65,316.18. The city finds itself in the position of being compelled to pay nearly $120,000 for a tract of land which the evidence establishes was worth approximately half that amount. Indeed, it is a curious dilemma in which the appellant is placed; however, it is a dilemma of the appellant's own making. The city had the right to appeal from the award of the appraisers to the tenant and did not do so. Our procedure does not permit us to rescue the city from the consequences of its own decision. We can only examine the record to determine if the award to the owners is supportable.

At trial the landowners' appraiser testified that the tenant sustained no damage to its leasehold interest and therefore the landowners should be awarded the full amount of the stipulated damages. The appraiser's opinion was based on the facts that the tenant's use of the building, customer parking,

customer access, and economic rent were not affected by the taking.

The appraiser for the city testified that the tenant's damages were $65,290 as a result of the taking. This testimony was based, in part, on the fact that the tenant had 21.7 years remaining on the initial lease, with options for an additional 50 years. He noted that the tenant could sublease a portion of this land for the remaining term of the lease, and because some of the land was taken, the tenant has lost potential rental income.

The measure of damages in the taking or injury of a leasehold is the difference between the rental value of the remainder of the term and the rent reserved in the lease. *Foreman & Clark of Nebraska, Inc. v. City of Omaha*, 203 Neb. 746, 280 N.W.2d 892 (1979). The difference in the evidence concerning the damages to the owners' interest created a question of fact for the jury. The general rule was recently stated in *Wear v. State of Nebraska*, 215 Neb. 69, 76, 337 N.W.2d 708, 714 (1983): "The amount of damages sustained in a condemnation action is peculiarly a question of a local nature and ordinarily is to be determined by a jury. Where the evidence is conflicting, this court will not ordinarily interfere with the verdict of the jury unless it is clearly wrong."

In the instant case the jury's verdict was within the range of the testimony and is supported by sufficient competent evidence. It is not this court's function to weigh the evidence to determine whether we would have returned a different verdict.

The appellant also argues that the verdict must be set aside because the jury was allowed to hear improper rebuttal evidence concerning a quitclaim deed from K mart to the City of Hastings. Because the city was to pay no consideration for the deed, the appellees apparently wanted the jury to draw the inference that K mart believed it was not damaged by the taking. The record reveals that the court sus-

tained appellant's objection to the testimony, ordered it stricken, and admonished the jury to disregard the testimony.

Applicable here is the general rule that when evidence is improperly received but immediately ordered stricken and the jury is instructed to disregard it, any error is cured. *Pearce v. ELIC Corp.*, 213 Neb. 193, 329 N.W.2d 74 (1982).

The judgment of the district court was correct and it is affirmed. The appellees are awarded $1,500 for attorney fees incurred on appeal to this court. Neb. Rev. Stat. § 76-720 (Reissue 1981).

AFFIRMED.