STATE OF NEBRASKA, APPELLEE, V. GRADY BONAPARTE, APPELLANT.
384 N.W.2d 304

Filed April 4, 1986.   No. 85-656.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The present appeal can best be described as the height of "chutzpah." This Yiddish word appears in modern dictionaries as meaning "colossal effrontery" or "brazen gall," but is best exemplified by the young man who, having killed his father and mother, throws himself at the mercy of the court because he is an orphan. See, also, *Williams v. State*, 126 Ga. App. 350, 190 S.E.2d 785 (1972).

The appellant, Grady Bonaparte, was charged and convicted by a jury of the crime of possession of a controlled substance with intent to deliver in violation of Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 1984). This is a Class III felony, punishable by imprisonment of not less than 1 nor more than 20 years, a fine of not more than $25,000, or both imprisonment and fine. Neb. Rev. Stat. § 28-105 (Reissue 1979). After the verdict was returned Bonaparte moved for a new trial on the ground of jury misconduct. The motion was overruled, and Bonaparte was ultimately sentenced to a term of not less than 4 nor more than 7 years in the Nebraska Penal and Correctional Complex. Bonaparte's claim of jury misconduct is nearly unbelievable and borders on being outrageous.

The evidence discloses that, during the course of the trial, Bonaparte approached one of the jurors as she was leaving the courthouse to go home at the end of the day and offered her a ride. The juror, at first, refused, saying that she could catch the bus home, but Bonaparte told her it would be no problem. The

juror then accepted the ride home. During the ride, Bonaparte asked the juror what she thought of the case and took her by the scene of his arrest. The juror told Bonaparte that, as far as she was concerned, at that time he was guilty of possession, since the officers found the marijuana in his car. Bonaparte agreed. The juror further told Bonaparte that, until intent to deliver could be proven, in her eyes he was guilty only of possession.

The next day, as the juror was going outside for a court recess, Bonaparte again stopped her and asked her about the case and what the jury thought. The juror told him that the jury had not discussed the case yet, so she did not know. Bonaparte then asked the juror to go to Burger King with him, but she refused.

Bonaparte now maintains that the verdict of the jury finding him guilty must be set aside because of jury misconduct. The misconduct was that the juror permitted Bonaparte to approach her, talk to her, offer her a ride, and take her by the scene of the crime.

Bonaparte maintains that, while at first blush, it seems strange that he should be permitted to take advantage of the situation which he created, he is vitally concerned in maintaining the integrity of the judicial system, and, therefore, the verdict should not be permitted to stand when he has tampered with the jury. He further maintains that the juror should have known better than to permit him to have contact with her and that she was dutybound to report him. While it may be that the juror, by failing to report Bonaparte's contact, violated the district court's admonishments, see Neb. Rev. Stat. § 29-2022 (Reissue 1979), Bonaparte, by tampering with the jury, committed a further crime, see Neb. Rev. Stat. § 28-921 (Reissue 1979). We cannot conceive of any reason why Bonaparte should benefit from that fact.

It has always been the rule in this jurisdiction that a party cannot be heard to complain of an error which he himself has been instrumental in bringing about. See, *Missouri P. R. Co. v. Fox*, 60 Neb. 531, 83 N.W. 744 (1900), *overruled on other grounds*, *Callahan v. Prewitt*, 143 Neb. 793, 13 N.W.2d 660 (1944); *Regier v. Nebraska P. P. Dist.*, 189 Neb. 56, 199 N.W.2d 742 (1972); *Foreman & Clark of Nebraska, Inc. v. City of*

*Omaha*, 203 Neb. 746, 280 N.W.2d 892 (1979); *Kluender v. Mattea*, 214 Neb. 327, 334 N.W.2d 416 (1983).

It would be a strange, if not ridiculous, rule of law which would hold that a criminal defendant may be entitled to a new trial based upon jury misconduct when such misconduct is initiated by the defendant himself. The argument raised by Bonaparte is so novel that we are unable to find a single case similar to the facts in this case. Nor are we impressed by Bonaparte's concern for the integrity of the jury system. Bonaparte should have worried about our jury system before he set out to improperly contact the juror. We believe, therefore, that the rule must be to the effect that where the defendant initiates and causes jury misconduct, the defendant is estopped from maintaining that such misconduct entitles the defendant to a new trial. Such a rule would be a logical extension of the already existing rule that in order for alleged jury misconduct to be a basis for a new trial, the conduct must have been prejudicial to the defendant. See *State v. Woodward*, 210 Neb. 740, 316 N.W.2d 759 (1982). We believe that it naturally follows that where a defendant causes the misconduct, he cannot thereafter be heard to maintain that such misconduct was prejudicial. He had the sole ability to prevent the misconduct, and, having elected to cause the misconduct, he cannot now maintain it was prejudicial so as to entitle him to a new trial.

The judgment of the district court overruling his motion for new trial is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.