STATE OF NEBRASKA, APPELLEE, V. DONNA T. BLUE, APPELLANT.
391 N.W.2d 102

Filed July 3, 1986.   No. 85-736.

Thomas M. Kenney, Douglas County Public Defender, and Victor Gutman, for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

Upon a plea of nolo contendere, the defendant, Donna T. Blue, was convicted of obtaining a benefit administered by the

Department of Public Welfare, to wit, a payment to which she was not entitled or a larger payment than that to which she was entitled, in a sum of less than $500, by means of a willfully false statement or representation or other device, and sentenced to 45 days in jail. She has appealed and contends that the trial court erred in finding that her plea was voluntarily, knowingly, and intelligently entered and in failing to make a proper record showing that she was advised that a plea of nolo contendere waived essential state and federal constitutional rights.

The record of the arraignment originally filed in this court consisted only of a docket entry which recited in part:

Plaintiff represented in Court by Deputy County Attorney William Eustice. Defendant and Defendant's counsel freely, voluntarily, knowingly, intelligently, and understandingly waive the presence of the Court Reporter. Defendant present in Court with Counsel Larry Barrett. . . . Defendant freely, voluntarily, knowingly, intelligently, and understandingly entered her plea of NOLO CONTENDERE to the charge contained in the AMENDED Information and thereupon was found and adjudged by the Court to be guilty as charged. Sentence deferred. Presentence investigation ordered. Bond continued.

In *State v. Tweedy*, 209 Neb. 649, 654-55, 309 N.W.2d 94, 98 (1981), after citing *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), we held:

[N]o defendant may be imprisoned for any offense, whether a traffic infraction, misdemeanor, or felony, absent a knowing and intelligent waiver of his rights as provided for by the *Boykin-Turner* rule. That means that such defendants are entitled to be informed of the nature of the charges against them, the right to assistance of counsel, the right to confront witnesses against them, the right to a jury trial where otherwise authorized, and the privilege against self-incrimination. A voluntary and intelligent waiver of these rights· must affirmatively appear from the record.

In *State v. Predmore*, 220 Neb. 336, 370 N.W.2d 99 (1985), we held the record must affirmatively show that the trial court

personally examined the defendant to ensure that he knows and understands his rights and is making a voluntary and intelligent waiver of them. See, also, *State v. Mindrup*, 221 Neb. 773, 380 N.W.2d 637 (1986).

The issue here is whether the lack of a verbatim record requires that the judgment be reversed.

In *State v. Ziemba*, 216 Neb. 612, 628, 346 N.W.2d 208, 218 (1984), we held:

> [A] verbatim transcript of the rendition of a guilty plea is not constitutionally required, nor does absence of such a transcript require a finding that the plea was invalid. A checklist or other docket entry which is sufficiently complete to comply with the requirements of *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981), *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), and the requirements previously set out in this opinion can establish a valid waiver. A checklist or other such docket entry which is made by one authorized to make it imports verity, and unless contradicted it stands as a true record of the event.

Although a verbatim transcript is not constitutionally required to establish the validity of a plea of guilty or nolo contendere, such a record is the preferred method for showing that the arraignment in the district court complied with all constitutional requirements. Ordinarily, the district court should not permit a defendant entering either a plea of guilty or nolo contendere to waive the presence of the court reporter.

However, the absence of the court reporter does not prevent a defendant from obtaining a record of an arraignment proceeding. Neb. Ct. R. of Prac. 5C(4) (rev. 1983) of this court provides:

> If the reporter is unable to prepare and certify a bill of exceptions, or if a bill of exceptions cannot be prepared and certified under provisions contained elsewhere in these rules, the bill of exceptions shall be prepared under the direction and supervision of the trial judge and shall be certified by the judge and delivered to the clerk of the District Court.

Neb. Rev. Stat. § 25-1140 (Reissue 1985) and Neb. Ct. R. of

Prac. 5A(2) (rev. 1983) place the burden on the appellant to file a praecipe identifying the matter to be contained in the bill of exceptions. If the defendant in this case wanted to assign any error relating to the arraignment, it was her duty to request that the bill of exceptions include a complete record of the arraignment proceedings. It then would have been the duty of the trial judge to prepare a proper record of the arraignment proceedings.

Any error in permitting a waiver of the presence of the court reporter in this case was not prejudicial because the defendant could have requested and obtained a bill of exceptions which included the arraignment proceedings. See, *State v. McDonnell*, 186 Neb. 316, 182 N.W.2d 903 (1971); *State v. Benson*, 199 Neb. 549, 260 N.W.2d 208 (1977).

Under § 25-1140 and rule 5A(2) the burden was on the appellant to file a request for the bill of exceptions and to specify what it should contain.

Ordinarily, a party will not be permitted to benefit from an error which she has invited. *State v. Bonaparte*, 222 Neb. 469, 384 N.W.2d 304 (1986). A defendant will not be permitted to waive the presence of the court reporter, not request a record of the arraignment proceedings, and then allege error because there is no verbatim record of the arraignment proceedings filed in this court.

The record of the docket entry originally filed was not a sufficient record of the arraignment proceedings to satisfy the requirements of *Tweedy*, *Predmore*, *Ziemba*, and the other cases we have cited. In a brief and conclusory fashion, it showed only that the "[d]efendant freely, voluntarily, knowingly, intelligently, and understandingly entered her plea of NOLO CONTENDERE to the charge contained in the AMENDED Information and thereupon was found and adjudged by the Court to be guilty as charged." It failed to show whether the defendant was informed of the nature of the charges against her, the right to counsel, the right to confront witnesses against her, the right to a jury trial, or of the privilege against self-incrimination. See *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981). It also failed to show whether the trial court advised the defendant as to the penalties which might be

imposed upon conviction. *State v. Jackson*, 220 Neb. 656, 371 N.W.2d 679 (1985).

The State has now filed a supplemental transcript in this case which shows that, on May 15, 1986, the trial court entered an order nunc pro tunc amending and expanding the original docket entry to show in greater detail what occurred at the arraignment on July 26, 1985. This order shows that the arraignment complied with all constitutional requirements and satisfied the standards set out in *Tweedy*, *Predmore*, *Ziemba*, and the other cases which have been cited. The judgment of the district court is, therefore, affirmed.

AFFIRMED.