STATE OF NEBRASKA, APPELLEE, V. WILLIAM E. THARP,
APPELLANT.
395 N.W.2d 762

Filed November 7, 1986.    No. 86-116.

Owen A. Giles, for appellant.

Robert M. Spire, Attorney General, and Charles E. Lowe,
for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

GRANT, J.

This is an appeal from an order of the district court for Sarpy
County affirming defendant's conviction and sentence in the
county court for Sarpy County for driving an automobile while
his operator's license was suspended, in violation of Neb. Rev.
Stat. §§ 60-418 and 60-430 (Reissue 1984). For the reasons
hereinafter stated we affirm the judgment of the district court.

The record reveals the following. On March 2, 1985,
defendant was stopped by an officer of the LaVista Police
Department for driving through a red traffic control light. The
defendant was unable to provide a driver's license or
registration. The police officer requested a standard record
check, which disclosed that defendant was driving while his
license was suspended. A search preparatory to an arrest
revealed a knife, in defendant's pocket, with a blade length of 4
inches. The defendant was arrested and charged in three counts
with driving under suspension, driving without an operator's
license, and carrying a concealed weapon.

At the initial arraignment proceedings held on March 20,
1985, the defendant appeared without counsel. Defendant
stated that he understood his constitutional rights, and after the
court inquired if defendant was going to hire an attorney of his

own choosing, defendant informed the court he was. The matter was continued for further arraignment on April 10, 1985, to give the defendant an opportunity to talk to an attorney of his choosing.

At the subsequent arraignment proceedings on April 10, defendant again appeared without counsel. A group arraignment was conducted. The county court informed the group of defendants as follows:

> The first order of business, we're going to take those who plan or want to claim the services of the public defender. If you are charged with an offense on which a jail sentence could be imposed and if it would prejudice or jeopardize your ability to support yourself or your dependents to hire your own lawyer, you have a right to claim the services of the public defender.

The record shows that defendant was before the court when this advice was given and that defendant informed the court he wanted to hire his own attorney and had already talked to him. Defendant also informed the court that his private attorney had told him to go before the court and enter a plea of not guilty to all the charges. The court accepted that plea of not guilty, and the case was set for trial on July 23, 1985.

On July 23 defendant again appeared without counsel before the court. At this time defendant informed the court that he had requested a jury trial when he had appeared on April 10. The court informed defendant that records before the court showed no request for a jury trial, but allowed defendant an opportunity to check the recording of the April 10 arraignment to determine if a jury had been requested. Defendant admitted, after checking, that the recording did not show a request for jury trial. The court then told defendant that the county attorney was ready to proceed, that a trial to the court would be held immediately, and that, while defendant was without counsel, the trial would proceed because defendant had before indicated that he had counsel.

Before the trial began, the county attorney informed the court that a plea agreement had been reached between defendant and the county attorney. Pursuant to the agreement, the court accepted defendant's guilty plea as to count I, driving

under suspension, and again informed defendant of the penalty for driving while his license was suspended. A factual basis for the plea was set out by the county attorney and agreed to by defendant. Before accepting defendant's plea, the court again informed defendant of the penalty for driving while his license was suspended. The court then found defendant's plea to be voluntary and intelligent, accepted the plea of guilty to count I, and, on the State's motion, dismissed counts II and III.

The court set sentencing for October 11, 1985. Defendant did not appear, was later arrested for failure to appear, and was brought before the court on October 21, 1985. A new bond was set, and defendant appeared before the court for sentencing on November 8, 1985. At this hearing defendant again appeared without counsel and, after questioning by the court, informed the sentencing court that he had waived his right to counsel on July 23, 1985, when he had entered his plea. Defendant was sentenced to pay a fine of $250 plus costs and expenses, serve a term of 40 days in the Sarpy County jail, and have his driving privileges revoked for a period of 1 year.

The defendant appealed pro se to the district court, stating in a filed handwritten document, "I intend to appeal my sentence on the 8 day of Nov. . . . ." Defendant appeared before the district court on January 3, 1986, again without counsel. Defendant asked for a continuance of the sentencing hearing. The hearing proceeded, and the matter was submitted to the district court. On January 10, 1986, defendant again appeared without counsel before the court. On that date the district court affirmed the judgment of the county court, stating that the district court had reviewed the record in the county court, that the sentence imposed was well within the limits provided by statute, and that there was no abuse of discretion by the county court. On February 6, 1986, private counsel for defendant filed a notice of appeal to this court.

Defendant first assigns as error the district court's action in affirming the judgment "[i]n the absence of a record that affirmatively demonstrated that Appellant had counsel or had validly waived his right to counsel when he entered his plea of guilty . . . ." As the facts recited above clearly disclose, the defendant was advised of his right to counsel at his initial

appearance before the county court and was advised of his right to request appointed counsel at his arraignment on April 10, 1985. Defendant chose to appear without counsel on repeated occasions. We hold that once a defendant has been informed of his right to retained or appointed counsel, there is no requirement that the court advise the defendant, on each subsequent court appearance, of the same right. After defendant has been so advised, his conduct in appearing without counsel may result in a waiver of counsel. The course of conduct defendant chose to follow in this case operated as a waiver of counsel. The district court was correct in affirming the county court in this regard.

In his second assignment of error defendant alleges, "The Court Below erred by depriving Appellant of his right to counsel." Defendant's argument presents the contention that defendant was entitled to counsel to present his appeal from the county court to the district court. Defendant argues that nothing appears on the record of the appeal to demonstrate that appellant was advised of his right to counsel. Defendant relies on this court's decision in *State v. Moore*, 203 Neb. 94, 277 N.W.2d 554 (1979), for support of his argument that if the defendant was deprived of his constitutional right to counsel in presenting his appeal to an appellate court, then he was not afforded an effective appeal and the decision must be deemed a nullity. Defendant's reliance on *Moore* is misplaced. That case involved an indigent defendant who did, in fact, ask for appointed counsel for his appeal to the district court following his conviction in the municipal court of Omaha. The appellant in the case at bar did not, at any time, ask for appointed counsel, but actually proceeded with the appeal on his own behalf. While this court has held that an accused person is entitled to counsel at every critical stage of the proceeding, see *Moore, supra*, we hold that an appellate court is not required to independently inform the defendant of his right to counsel when the defendant has already been fully informed of this right and has voluntarily and intelligently waived this right.

As stated above, once a defendant has been informed of his right to counsel, there is no requirement that the same information be conveyed to a defendant on each subsequent

court appearance. As in the case of the waiver of the right to counsel at a trial, any right a defendant may have to counsel on appeal may be waived by the defendant's conduct. In this case defendant was advised of his right to counsel, appealed pro se, and appeared before the appellate court (the district court) without counsel. Such conduct constitutes a waiver of defendant's known right to counsel.

The district court reviewed the entire record of the county court and considered whether the sentence itself was made within the county court's discretion. The district court determined there was no error in the record and that the sentence was not an abuse of the county court's discretion. We agree. The order of the district court, affirming the judgment of the county court, is affirmed.

AFFIRMED.