STATE OF NEBRASKA, APPELLEE, v. ELBERT L. ANDERSON,
APPELLANT.
440 N.W.2d 257

Filed May 26, 1989.   No. 89-080.

David R. Uher for appellant.

Robert M. Spire, Attorney General, and Donald E. Hyde for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

In the county court defendant-appellant, Elbert L. Anderson, pled guilty to driving while drunk and, following an enhancement hearing, was sentenced for a third such offense. He unsuccessfully appealed to the district court, and now asserts that the district court erred in failing to find error on the record made in the county court, claiming that the evidence fails to support a finding that he "was twice previously convicted of driving under the influence of alcoholic liquor." We reverse the district court's affirmance of the county court sentence and remand with directions.

At the enhancement hearing, the State offered, and the county court received, two exhibits, each of which attests to the facts that Anderson pled guilty to, and was convicted of, driving while drunk. Anderson objected to the receipt of one of the exhibits on the ground it is internally inconsistent and, thus, fails to establish he had freely, intelligently, and voluntarily waived his right to counsel.

Anderson's contention relies on, among other things, certain discrepancies in the checklist portion of the questioned exhibit which is denominated "Journal Entry." That document

displays a handwritten "x" before the typed lines which recite that Anderson was advised of his right to counsel and that he waived such right. However, while the word "not" in the typed lines of the journal entry which read that the court found "the plea(s) was/were (not) freely, knowingly, voluntarily and intelligently made" is crossed out in pen, there are no marks of any kind on the lines which read that the court found Anderson's various waivers, including that of the right to counsel, "were (not) knowingly, voluntarily and intelligently made."

Thus, read literally, the journal entry recites that Anderson's waiver of his right to counsel was made other than "knowingly, voluntarily and intelligently," notwithstanding the fact that he was advised of the right and waived it.

We have said that in order to prove a prior drunk driving conviction for enhancement purposes, the State need show only that at the time of the prior conviction the defendant had, or waived, counsel. *State v. Wakeman*, 231 Neb. 66, 434 N.W.2d 549 (1989); *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989). Implicit in that statement, however, is the requirement that the waiver be made knowingly, voluntarily, and intelligently. *State v. Thompson*, 224 Neb. 922, 402 N.W.2d 271 (1987); *State v. Huffman*, 222 Neb. 512, 385 N.W.2d 85 (1986). The questioned exhibit fails to establish such a waiver of counsel, and the county court thus erred in receiving the questioned exhibit in evidence. Without that exhibit, the evidence is, as Anderson claims, insufficient to support a finding that the present occasion is the third time he has been convicted of drunk driving.

Accordingly, the district court's affirmance of the sentence must be, and hereby is, reversed. The cause is remanded to district court with the directions that it vacate and set aside the county court's sentence and remand the matter to that court for further proceedings pursuant to law.

REVERSED AND REMANDED WITH DIRECTIONS.