STATE OF NEBRASKA, APPELLEE, V. DAVID D. DITTER, APPELLANT.
441 N.W.2d 622

Filed June 23, 1989.   No. 88-265.

Richard E. Gee for appellant.

Robert M. Spire, Attorney General, and Donald E. Hyde for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

White, J.

Defendant, David D. Ditter, appeals from an order of the district court for Hall County denying his motion for postconviction relief. The district court determined that the pleadings and the file did not present grounds for postconviction relief and summarily denied the petition without an evidentiary hearing. We affirm.

Ditter was charged with murder in the first degree for killing his wife. The defendant pled guilty to the charge and was

sentenced to life imprisonment. The plea was entered pursuant to a plea bargain by which the defendant received life imprisonment rather than the electric chair, and the State agreed to withdraw its motion for forfeiture of bond in a pending rape case against the defendant.

The defendant's case was before this court on direct appeal in *State v. Ditter*, 209 Neb. 452, 308 N.W.2d 350 (1981). In that appeal, because of jurisdictional defects, the only question before us was excessive sentence. We affirmed in part and dismissed in part, stating that the trial court could not have imposed a sentence lesser than the one imposed.

In his appeal the defendant assigns four errors, which can be consolidated into two. He contends that his guilty plea was not knowingly, intelligently, and voluntarily made and that it was entered due to ineffective assistance of counsel.

" ' "A defendant seeking postconviction relief has the burden of establishing a basis for such relief, and the findings of the district court will not be disturbed on appeal unless clearly erroneous. . . ." ' " *State v. Gagliano*, 231 Neb. 911, 914, 438 N.W.2d 783, 786 (1989); *State v. Jones*, 231 Neb. 110, 435 N.W.2d 650 (1989).

It is clear from the record that the trial court fully complied with the procedures set out in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). However, the defendant contends that the totality of the circumstances demonstrates that his plea was not knowingly, intelligently, and voluntarily made. In support of his contention, the defendant directs our attention to a conference held among the defendant; his former attorney, George H. Moyer, Jr.; and the defendant's parents. This conference was held on the morning set for trial and resulted in the defendant's changing his initial plea of not guilty to guilty. Though the conference lasted somewhere between 2 and 3½ hours, it was only partially recorded. The transcript of the conference was admitted into evidence without objection.

Specifically, the defendant argues that he was coerced into changing his plea during the conference by his parents, his attorney, and the judge. However, our careful review of the record indicates that the defendant's contentions lack merit. For example, during the conference the defendant's parents did

express concern about the possible expense of a trial. Notwithstanding that fact, the defendant's father also repeatedly told the defendant not to let the cost of trial influence his decision. The transcript also demonstrates that Moyer did not coerce the defendant into changing his plea, but patiently and carefully explained the available options.

However, the defendant's allegation regarding coercion by the trial judge we find particularly disturbing. Sometime during the conference, Moyer met with the trial judge, the special prosecutor, and the county attorney to discuss plea negotiations. Though it is not clear from the record, it appears Moyer initiated this meeting. After the meeting, Moyer told the defendant in the conference that

> [t]he Court . . . advised me that if the defendant, David Ditter, were to plead guilty to first degree murder that (a) he would not sentence him to the electric chair but to life imprisonment, and (b) he would not call a panel of three judges to perform the sentencing but he would perform the sentencing himself.

> The Judge also indicated, after further discussion with respect particularly to Mitigating Circumstance G, the incapacity of the defendant to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law as a result of a mental defect, which might lead the jury to find the defendant in this case, David Ditter, guilty of the lesser included offense of second degree murder, *that if the verdict of the jury was second degree murder, that the sentence would be life imprisonment and not a term of years.*

(Emphasis supplied.) The transcript indicates there was a considerable amount of discussion regarding the length of term the defendant would actually serve under a sentence of life imprisonment for second degree murder and under a sentence of life imprisonment for first degree murder. Later on during the conference, this was said:

> DAVID DITTER: I don't feel I am guilty of first degree murder and I want to have a trial out there.

> MR. MOYER: I am going to tell you something else that you should know before you make that decision

unequivocally. A plea is a recommendation for parole. That is to say, if you plead guilty, that would appear on your record before the Parole Board as a recommendation for parole when you come up for review of your sentence, whereas that recommendation would not appear if you went to trial.

DAVID DITTER: I still don't think I am guilty of first degree murder.

. . . .

MRS. DITTER: With the plea there is no death penalty. In the jury you stand a chance of the death penalty.

GODFREY DITTER: The Judge said if the jury found him guilty there would be no chair, it would be life imprisonment. Is that correct?

MR. MOYER: No. If he goes to trial and the jury finds him guilty of first degree murder, there is still a possibility, although I consider it remote, that the death penalty could be imposed. Do you understand what the Judge said? He said that if he pleads guilty, he, Judge Whitehead, would be the sentencing judge, he will not call in a panel of three strange judges to do the sentencing, and he will give him life. If he goes to trial, as I said, there is still a possibility, although I consider it remote — that is the third time I have said it now — that the death penalty could be imposed.

. . . .

MR. MOYER: . . . [I]f there is a trial and conviction of first degree murder, then [Judge Whitehead's] options are open to him. He is no longer bound by the proposed plea bargain and he could call in a panel of three judges.

The defendant argues that the judge's statements constitute judicial intervention in the plea bargaining process. He bases his argument on the fact that though second degree murder carries a minimum of 10 years' imprisonment, the judge said he would give the defendant the maximum sentence of life imprisonment if he went to trial and was convicted of second degree murder. On the other hand, if he went to trial and was convicted of first degree murder, he faced the possibility of the death penalty. Considering the trial judge's posture, the

defendant claims to have had no choice but to plead guilty to first degree murder. In sum, the defendant asserts that he was effectively forced to plead guilty to first degree murder because a trial would not have resulted in a lesser sentence, and carried the risk of the death penalty.

Though this court strongly discourages judicial participation in the plea bargaining process, we do not hold that such participation renders the plea invalid per se. *State v. Svoboda*, 205 Neb. 175, 287 N.W.2d 41 (1980). See, also, *State v. Byrd*, 63 Ohio St. 2d 288, 407 N.E.2d 1384 (1980); Annot., 10 A.L.R.4th 689 (1981). In *Svoboda*, the defendant made a motion to dismiss his attorney. The trial judge denied the motion and in the process of doing so entered into direct plea negotiations with the defendant. Twice the judge told the defendant that he had never seen a case where there was such overwhelming evidence indicating the defendant's guilt. Considering the weight of the evidence, the judge also stated that he could not believe that the defendant would insist on having a trial. This court reversed and remanded the cause, noting that "a fair reading of the [judge's remarks] indicates that the trial court imparted to Svoboda the impression that the court viewed Svoboda's guilt as proven at this stage of the trial." *State v. Svoboda, supra* at 181, 287 N.W.2d at 44.

However, despite the defendant's assertions to the contrary, we find that *Svoboda* is distinguishable from the case at bar. Unlike the circumstances in *Svoboda*, Moyer, not the defendant, initiated the discussion to obtain the best possible arrangement for the defendant. In response, the trial judge indicated the possible penalties the defendant faced depending on the course of action he chose. The record indicates no comments by the trial judge on the weight of the evidence, nor any comments by the judge indicating that he thought the defendant was guilty. We also find persuasive the fact that, unlike the situation in *Svoboda*, the defendant's attorney communicated with the judge. Thus, the defendant was further shielded from any alleged coercion on the part of the judge by his attorney.

In an analogous situation, the Mississippi Supreme Court said:

Appellant's attorney initiated the conversations with the judge on the guilty plea in an effort to obtain the lightest sentence possible for his client. There is no indication in the record, and it is assumed, that, but for the attorney's action in approaching the trial judge, there would have been no involvement by him in that matter. The appellant cannot take advantage of a situation or an error which he invited or induced the trial court to commit.

*Fermo v. State,* 370 So.2d 930, 932-33 (Miss. 1979). This jurisdiction also follows the rule that a defendant cannot complain of error which he invited the court to commit. *State v. Blue,* 223 Neb. 379, 391 N.W.2d 102 (1986); *State v. Bonaparte,* 222 Neb. 469, 384 N.W.2d 304 (1986); *State v. Harper,* 218 Neb. 870, 359 N.W.2d 806 (1984). Therefore, the defendant's first consolidated assignment of error is without merit.

The defendant's second consolidated error is that his guilty plea was entered as a result of ineffective assistance of counsel.

" ' " 'When the defendant in a postconviction motion alleges a violation of his constitutional right to effective assistance of counsel as a basis for relief, the standard for determining the propriety of the claim is whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area. Further, the defendant must make a showing of how the defendant was prejudiced in the defense of his case as a result of his attorney's actions or inactions.' " ' . . .

". . . '[T]o sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.'

"A convicted defendant seeking a reversal of the conviction or sentence for the reason that counsel's

assistance was deficient must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*State v. Gagliano*, 231 Neb. 911, 914-15, 438 N.W.2d 783, 786 (1989); *State v. Jones*, 231 Neb. 110, 435 N.W.2d 650 (1989).

The transcript shows that at the end of the conference the defendant asked Moyer to check out a rumor about a fight in the Platte County jail which the defendant allegedly started. As Moyer was leaving the room, the defendant told him that he wanted to have a trial. Moyer was gone for 5 minutes, during which unrecorded discussions took place between the defendant and his parents. When Moyer returned, the defendant had changed his mind and stated that he wanted to accept the plea bargain. The defendant contends that during the entire conference he wanted a trial; further, that Moyer knew this fact and therefore the defendant's sudden decision in that 5-minute span to accept the plea bargain should have raised suspicions in Moyer's mind that the decision was not voluntary. Essentially, the defendant believes that he was rendered ineffective assistance of counsel because Moyer did not explore in detail the motivations for the defendant's sudden change of mind regarding acceptance of the plea bargain. We disagree.

As noted previously, the record indicates that Moyer competently represented the defendant in this matter. In addition, there is no evidence in the record, other than the defendant's allegedly "sudden" change of mind, indicating that his plea was not voluntary. This court is not prepared to hold that every time a defendant changes his mind regarding a plea bargain, his attorney must go through an extensive examination of the defendant to determine the motivation for the decision. The defendant has failed to show how he was prejudiced in the defense of his case by his attorney. Thus, this consolidated assignment of error also lacks merit.

Accordingly, the defendant having failed to establish the basis for postconviction relief, the decision of the district court is affirmed.

AFFIRMED.