STATE OF NEBRASKA, APPELLEE, V. WILLIAM J. VANDERKUUR, APPELLANT.

456 N.W.2d 473

Filed June 8, 1990.   No. 89-1226.

William B. Zastera, Otoe County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Terri M. Weeks for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Defendant, William J. Vanderkuur, appeals the district court's affirmance of his county court conviction for third-offense driving while under the influence of alcohol, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1988). He asserts as error the district court's failure to find that the county court erred by receiving in evidence certain exhibits which

combine to attest that Vanderkuur had, within the 10 years preceding the subject conviction, pled guilty to and was convicted of other like offenses. We affirm.

Section 39-669.07, among other things, specifies the consequences of having twice before, within the 10 years prior to the date of the current conviction, been convicted of driving while under the influence of alcohol. Since neither the validity of the current conviction nor the propriety of the sentence imposed as a result is at issue, we concern ourselves only with the evidence received by the county court to support its finding that Vanderkuur's history of convictions of driving while under the influence of alcohol is such that the current offense was at least his third such offense.

Vanderkuur asserts that evidence of the first of the prior convictions cannot be used for enhancement purposes because the record of it shows that he was not represented by counsel until the plea was entered and does not clearly establish that his constitutional rights were explained to him at the time he entered his plea. However, the established rule is that in order to prove a prior driving while under the influence of alcohol conviction for enhancement purposes, the State need show only that at the time of the prior conviction the defendant had counsel or knowingly, voluntarily, and intelligently waived the right to counsel. *State v. Anderson,* 232 Neb. 349, 440 N.W.2d 257 (1989); *State v. Wakeman,* 231 Neb. 66, 434 N.W.2d 549 (1989); *State v. Oliver,* 230 Neb. 864, 434 N.W.2d 293 (1989). The record of the prior conviction in question establishes that Vanderkuur was represented and accompanied by counsel at the time he entered his plea of guilty. Such a showing is sufficient for the first prior conviction to be used for purposes of enhancement. See *State v. Wakeman, supra.*

In regard to the second of his prior convictions, Vanderkuur urges that the record reveals "he was not advised of his rights at all" at the time he entered his plea. Brief for appellant at 4. Again, the State's burden is met by showing that Vanderkuur had or waived counsel. The court's journal entry declares that when Vanderkuur pled guilty, he "was present in court with his retained attorney . . . ." Elsewhere the entry recites that "[t]he Court then asked the Defendant if he understands that by

entering a plea of Guilty he is waiving his rights to an attorney" and that "[t]he Defendant replied that he understands that he is waiving these rights." The court then makes a finding that "Defendant voluntarily, knowingly, and intelligently waived his right to have an attorney present at this hearing . . . ." It is clear from those recitations that Vanderkuur either had counsel when he pled or knowingly, voluntarily, and intelligently waived the right to counsel. Thus, the foregoing two prior conviction records are sufficient to establish that the current conviction is at least Vanderkuur's third.

Nonetheless, we consider Vanderkuur's complaint that the record of the remaining prior conviction at issue "shows no voluntary, intelligent or knowing waiver of counsel prior to or after the defendant's plea." Brief for appellant at 4. The record of this third prior conviction reveals that Vanderkuur was not represented by counsel at any stage of the proceedings but that he made a voluntary, intelligent, and knowing waiver of his right to counsel at the time he entered his plea. By showing the waiver of counsel, this record, too, is sufficient to establish a prior conviction.

Vanderkuur's contentions therefore have no merit. Because the State has established two prior convictions in which Vanderkuur was either represented by counsel or knowingly, voluntarily, and intelligently waived his right to counsel, the State met its burden of proof, and the judgment of the district court must be affirmed.

AFFIRMED.