STATE OF NEBRASKA, APPELLEE, V. MICHAEL S. NOWICKI,
APPELLANT.

474 N.W.2d 478

Filed September 20, 1991.    No. 90-680.

Brent M. Bloom for appellant.

Robert M. Spire, Attorney General, and Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.
Defendant, Michael S. Nowicki, appeals from the district court for Douglas County, which affirmed a county court

conviction of Nowicki for third-offense driving while intoxicated. We reverse and remand with directions.

In exchange for other charges' being dismissed, defendant, on May 16, 1990, pleaded no contest in the county court for Douglas County to operating a motor vehicle while under the influence of alcoholic liquor. The county court found Nowicki guilty and held an enhancement hearing at which two prior convictions of driving while intoxicated were introduced.

Defendant's counsel objected to a conviction dating from 1987 on the grounds that there was no checkmark on the docket entry indicating that defendant was actually found guilty. The court noted that Nowicki had been represented by counsel at the time of the sentencing and concluded that the conviction was valid.

A second conviction, dating from 1985, was also introduced at the enhancement hearing. Defendant's counsel objected to the conviction on the basis that there was no indication on the docket entry that defendant waived his right to counsel, that an indigency hearing was held, or that a public defender was appointed.

The court did not expressly state that an exhibit containing the 1985 and 1987 convictions was received into evidence. Nowicki's counsel, however, did not request a ruling on either objection. It is clear from the record that the two prior convictions were considered by the county court in imposing a sentence for operating a motor vehicle under the influence of alcoholic liquor, third offense. The county court imposed a sentence of 90 days in jail, a $500 fine, and a 15-year suspension of Nowicki's driver's license.

Defendant subsequently appealed the findings of the county court to the Douglas County District Court, which affirmed the county court's judgment.

Defendant appeals, assigning as error the action of the district court in (1) finding that the county court had received certified copies of both prior convictions into evidence; (2) affirming the ruling of the county court that Nowicki had intelligently waived his right to counsel during critical stages of the 1985 prosecution of Nowicki for drunk driving; and (3) affirming the ruling of the county court that Nowicki had

pleaded no contest to the 1985 charge knowingly, voluntarily, and intelligently.

Defendant contends that the district court erred in finding that the county court had received certified copies of both prior convictions into evidence. Defendant claims that as a result, those convictions should not have been considered by the county court to convict defendant of third-offense driving while intoxicated. However, this issue has not properly been preserved for appeal, since the defendant failed to assign it as error to the district court.

This court adopted the following rule of practice in *State v. Erlewine*, 234 Neb. 855, 857, 452 N.W.2d 764, 767 (1990):

> The Supreme Court, in reviewing decisions of the district court which affirmed, reversed, or modified decisions of the county court, will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the Supreme Court. This rule shall be effective so as to apply to all county court decisions appealed to the district court after the filing date of this opinion.

*Erlewine* was filed on March 23, 1990. Nowicki filed his notice of appeal to the district court on May 16, 1990, and is therefore subject to our ruling in *Erlewine*. On June 27, 1990, Nowicki filed a notice of errors on appeal. In the notice, Nowicki assigned only the following error: "Specifically, Defendant avers that one of the previous convictions was insufficient to constitute a valid prior offense for enhancement purposes." Since Nowicki did not assign as error the failure of the county court to admit the exhibits into evidence, this court will not review this issue absent a finding of plain error.

The Supreme Court always reserves the right to correct error unassigned or uncomplained of but which is plainly evident from the record and prejudicially affects a litigant's substantial right, and which if left uncorrected would result in a miscarriage of justice or damage the integrity, reputation, and fairness of the judicial process, regardless of whether the error was raised at trial or on appeal. *State v. Thomas*, 229 Neb. 635, 428 N.W.2d 221 (1988). We conclude that no plain error has been committed in this case.

This court has held that a party who fails to insist upon a ruling to a proffered objection waives that objection. *State v. Fellman*, 236 Neb. 850, 464 N.W.2d 181 (1991); *State v. McClanahan*, 194 Neb. 261, 231 N.W.2d 351 (1975); *In re Estate of Kaiser*, 150 Neb. 295, 34 N.W.2d 366 (1948). We held in *Fellman* that although the defendant was entitled to a ruling, he should have made a request for such. By failing to do so the defendant elected instead to allow the preference of the trial court not to rule to stand unchallenged. *Fellman, supra*. In *In re Estate of Kaiser, supra* at 308, 34 N.W.2d at 374-75, we stated:

> "If when inadmissible evidence is offered the party against whom such evidence is offered consents to its introduction, or fails to object, *or to insist upon a ruling on an objection to the introduction of the evidence,* and otherwise fails to raise the question as to its admissibility, he is considered to have waived whatever objection he may have had thereto, *and the evidence is in the record for consideration the same as other evidence.*"

(Emphasis supplied.)

Nowicki was entitled to rulings on both of the objections. Since no request was made for the rulings, Nowicki waived his objections. As a result the exhibits containing the two prior convictions were received into evidence.

The failure of the county court judge to utter the words "the exhibits are received" does not result in a miscarriage of justice and therefore does not amount to plain error. It is the duty of the lawyer to see that the exhibits are received in evidence.

Next, defendant assigns as error the use of the 1985 conviction for enhancement purposes. There is no challenge on appeal to the validity of the 1987 conviction.

In *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), this court held that a defendant should not be permitted to relitigate a former conviction in an enhancement proceeding, and to that extent, such conviction cannot be collaterally attacked. Objections challenging the validity of a prior conviction offered for the purpose of sentence enhancement, beyond the issue of whether the defendant had counsel or waived the right to counsel, constitute a collateral attack on the judgment. *State v. McSwine*, 231 Neb. 886, 438 N.W.2d 778 (1989); *State v.*

*Oliver,* 230 Neb. 864, 434 N.W.2d 293 (1989); *State v. Davis,* 224 Neb. 518, 398 N.W.2d 729 (1987). Such objections must be raised either by direct appeal from the prior conviction or in a separate proceeding commenced expressly for the purpose of setting aside the judgment alleged to be invalid. *McSwine, supra; Oliver, supra; Davis, supra.*

The issue of whether Nowicki entered his plea in the 1985 conviction knowingly, voluntarily, and intelligently constitutes a collateral attack on the prior conviction and is therefore not properly before this court. See, *Davis, supra; State v. Slezak,* 226 Neb. 404, 411 N.W.2d 632 (1987). We therefore limit our examination to Nowicki's second assignment of error, namely, that the record of the 1985 conviction does not affirmatively establish that Nowicki waived his right to counsel.

In *Smith, supra* at 449, 329 N.W.2d at 566, this court stated:

[T]he burden remains with the State to prove the prior convictions. This cannot be done by proving a judgment which would have been invalid to support a sentence of imprisonment in the first instance. *Baldasar v. Illinois,* [446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980)]. Where a record is silent as to a defendant's opportunity for counsel, we may not presume such rights were respected. *Burgett v. Texas,* [389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967)]; *State v. Tweedy,* [209 Neb. 649, 309 N.W.2d 94 (1981)]. A defendant's objection to the introduction of a transcript of conviction which fails to show on its face that counsel was afforded or the right waived does not constitute a collateral attack on the former judgment.

To prove a prior conviction for enhancement purposes, the State need only show that at the time of the prior conviction, the defendant had counsel or knowingly, voluntarily, and intelligently waived the right to counsel. *State v. Green,* 238 Neb. 328, 470 N.W.2d 736 (1991); *State v. Vanderkuur,* 235 Neb. 566, 456 N.W.2d 473 (1990); *State v. Anderson,* 232 Neb. 349, 440 N.W.2d 257 (1989); *State v. Trammell,* 231 Neb. 137, 435 N.W.2d 197 (1989); *State v. Oliver, supra; State v. Slezak,* 226 Neb. 404, 411 N.W.2d 632 (1987). See *Boykin v. Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). A defendant may object to the admission of the record of the

prior conviction on the basis that the record does not affirmatively establish that the defendant was represented by counsel or waived his right to counsel. *State v. Sherrod*, 229 Neb. 128, 425 N.W.2d 616 (1988); *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984). A transcript of judgment which does not contain such an affirmative showing is not admissible and cannot be used to prove a prior conviction. *Sherrod, supra*; *Ziemba, supra*.

Although the admissibility of the transcript of the 1985 judgment has been waived under the rule of *In re Estate of Kaiser*, 150 Neb. 295, 34 N.W.2d 366 (1948), we must consider the sufficiency of the evidence to support the 1985 conviction for enhancement purposes.

The exhibit for Nowicki's 1985 conviction consists of a complaint, four checklist-type docket entries, and an order of probation. This court has previously held that a checklist docket entry is sufficient to establish that a defendant has been advised of his rights and has waived them.

> [A] verbatim transcript of the rendition of a guilty plea is not constitutionally required, nor does absence of such a transcript require a finding that the plea was invalid. A checklist or other docket entry which is sufficiently complete to comply with the requirements of *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981), *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), and the requirements previously set out in this opinion can establish a valid waiver. A checklist or other such docket entry which is made by one authorized to make it imports verity, and unless contradicted it stands as a true record of the event.

*Ziemba, supra* at 628, 346 N.W.2d at 218. See, *Green, supra*; *State v. Blue*, 223 Neb. 379, 391 N.W.2d 102 (1986).

The complaint was made on January 4, 1985, and contains an allegation that defendant operated a motor vehicle while under the influence of alcohol. The first docket entry shows that the defendant was arraigned on January 7, 1985, in the municipal court of the city of Omaha. The docket entry indicates that the defendant appeared without counsel and pleaded not guilty. The court adjudged defendant to be not

indigent. The checklist docket entry demonstrates further that Nowicki was advised of the charge against him and the penalties for such charge. He was also advised of his privilege against self-incrimination, his right to confront his accusers, his right to a jury trial, and his right to counsel. This checklist was of the kind approved in *Ziemba, supra*, as to form. However, it did not comply with *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981), *State v. Walker*, 235 Neb. 85, 453 N.W.2d 482 (1990), or *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), since the space provided in the checklist for waiver of counsel is left blank. With reference to the acceptance of a guilty or no contest plea, the court must inform the defendant concerning the right to assistance of counsel. *State v. Walker, supra*; *State v. Irish, supra*.

The second checklist shows a trial hearing held on February 22, 1985, at which the defendant appeared, again without counsel. The second checklist is almost identical to the first checklist. The defendant was advised of the same rights, and the box in front of waiver of counsel is left blank. Furthermore, the docket entry indicates that the defendant entered a plea of no contest.

The third checklist demonstrates that the defendant failed to appear at the sentencing hearing on April 18, 1985. Defendant apparently arrived late because the fourth checklist shows that a sentencing hearing was held on April 18, 1985. Defendant again did not appear with counsel. According to the checklist, the defendant was advised of his right to counsel, and this time there is a checkmark that indicates that defendant waived his right to counsel. The judge also added to the docket entry in handwriting that "defendant was previously advised of his right to counsel."

This court has held that an original docket entry can be amended by a supplemental transcript to show that the original arraignment complied with the constitutional requirements set out by this court. See *State v. Blue, supra*. In *Blue*, this court found that the original docket entry did not satisfy the requirements of *State v. Tweedy, supra*, *State v. Predmore*, 220 Neb. 336, 370 N.W.2d 99 (1985), and *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984). The docket entry in *Blue* originally

stated, " '[D]efendant freely, voluntarily, knowingly, intelligently, and understandingly entered her plea of NOLO CONTENDERE to the charge contained in the AMENDED Information and thereupon was found and adjudged by the Court to be guilty as charged.' " *Blue, supra* at 382, 391 N.W.2d at 105. We noted that the docket entry failed to show that the defendant was informed of the nature of the charges against her, the right to counsel, the right to confront witnesses against her, the right to a jury trial, and the privilege against self-incrimination. The docket entry also did not mention whether the defendant was advised of the penalties which might be imposed upon conviction. *Blue, supra.*

The State in *Blue* submitted a supplemental transcript which showed that the trial court later entered a nunc pro tunc order amending and expanding the original docket entry to show that the original arraignment complied with all constitutional requirements and satisfied the standards set forth in *Tweedy*, *Predmore*, and *Ziemba*.

In the case at bar, the first two checklist docket entries do not meet the requirements set out by this court in *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), *Predmore*, and *Ziemba*. The only lacking element is a checkmark indicating that Nowicki waived his right to counsel. The fourth docket entry cannot be used as a supplement. That docket entry indicates that Nowicki was advised of his right to counsel and waived this right at the sentencing hearing. However, it does not demonstrate that Nowicki *waived* his right to counsel at his arraignment and trial. The fourth docket entry could have been used as an amendment if the judge had added to his handwritten statement that "defendant also previously *waived* his right to counsel." The fact that this was not done indicates that the fourth docket entry should not be considered an amendment to the preceding docket entries. As a result we have to conclude that this exhibit is inadequate for enhancement purposes.

Presuming waiver of counsel from a silent record is impermissible. *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967). A checklist which is used as a substitute for a formal, written journal entry must be prepared with as

much care and certainty as any record of a court in order to impart absolute verity. *State v. Foster*, 224 Neb. 267, 398 N.W.2d 101 (1986).

A knowing and intelligent waiver generally may not be inferred merely because a defendant appears pro se at trial after having been informed of his or her right to counsel. See *State v. Green*, 238 Neb. 328, 470 N.W.2d 736 (1991). At a minimum, a sufficiently complete checklist or other docket entry may be used to establish a valid waiver of counsel as to prior convictions for enhancement purposes. *Green, supra*. When evidence, in whatever form, of a prior conviction is offered which is silent as to the representation of the defendant by counsel, the State must first lay a foundation for its admission by evidence tending to show that defendant was, in fact, represented by counsel or that he had knowingly and intelligently waived that right. *Klimas v. State*, 259 Ark. 301, 534 S.W.2d 202 (1976), *cert. denied* 429 U.S. 846, 97 S. Ct. 128, 50 L. Ed. 2d 117. Since the State has not met its burden of proof in establishing representation or a waiver of counsel during the arraignment and trial of the 1985 conviction, this conviction cannot be used to enhance Nowicki's sentence. Accordingly, only the 1987 conviction may be used to enhance the sentence. See *Green, supra* at 347, 470 N.W.2d at 751, where we held that a prior conviction could not be used for sentence enhancement, since "[t]he spaces provided for on the docket entry for waiver of counsel were left blank." See, also, *State v. Anderson*, 232 Neb. 349, 440 N.W.2d 257 (1989), where we decided that a prior conviction could not be used for sentence enhancement because the journal entry stated that the waiver of the right to counsel was " '(not) knowingly, voluntarily, and intelligently made.' " *Id*. at 350, 440 N.W.2d at 258. Apparently, the judge in that case failed to cross out the word "not" on the journal entry. It should be required practice for the trial judge to establish, when taking a factual basis for a plea, that a defendant either had counsel when he was previously convicted or waived his right to counsel. Since checklist docket entries are frequently the only reviewable documents of the prior conviction, trial judges should exercise extra care when marking them.

Because the certified copy of the 1985 conviction failed to

show the voluntary waiver of counsel by the defendant at the time of his conviction, it was insufficient to support a finding that the present offense is a third-offense drunk driving conviction.

The district court's affirmance of the sentence cannot be sustained. The judgment is reversed, and the cause is remanded to the district court with directions that it vacate and set aside the county court's sentence and remand the matter to that court for further proceedings pursuant to law.

REVERSED AND REMANDED WITH DIRECTIONS.

BOSLAUGH, J., concurring.

I concur in the judgment of the court.

The rule stated in the opinion of the court that the record of a conviction offered for enhancement purposes must show that the defendant was represented by counsel or waived that right does not necessarily refer to an express waiver. A waiver can be inferred from conduct. See *State v. Tharp*, 224 Neb. 126, 395 N.W.2d 762 (1986).

The defendant in this case was advised of his right to counsel at the arraignment, and he was determined not to be an indigent person entitled to appointed counsel. At the next hearing the defendant again appeared without counsel but changed his plea from not guilty to no contest. At the third hearing, which was the sentencing hearing, the defendant again appeared without counsel and expressly waived his right to counsel. Under these circumstances I believe it could be inferred that the defendant waived his right to counsel by conduct.

If there is a deficiency in the record in this case, it is because the trial court used a checklist-type record which failed to show all of the circumstances concerning the defendant's attitude toward obtaining counsel to represent him. In future cases it might be well to supplement the checklist, or use a different form of order, so that there can be no question that the defendant elected to proceed in the absence of counsel after having been advised of his right to obtain counsel at his own expense.